THE NEW YORK MORTGAGE COMPANY, Appellant, *v.* JULIUS GARFINKEL et al., Respondents.

(Argued November 19, 1931; decided December 1, 1931.)

6

*Daniel Levy* and *William Solomon* for appellant. The evidence does not establish by proof beyond mere surmise and conjecture that the plaintiff knew of the illegal act of its agents. (*Henry* v. *Allen*, 151 N. Y. 1; *Jacobus* v. *Jamestown Mantel Co.*, 211 N. Y. 154; *Credit Alliance Corp.* v. *Sheridan Theatre Co.*, 241 N. Y. 216; *Granite Bond & Mortgage Corp.* v. *Hutchins*, 225 App. Div. 412; *Call* v. *Palmer*, 110 U. S. 98; *Brown* v. *Johnson*, 43 Utah, 1; *McLean* v. *Camak*, 97 Ga. 804; *Franzen* v. *Hammond*, 136 Wis. 239; *Condit* v. *Baldwin*, 21 N. Y. 219; *Estevez* v. *Purdy*, 66 N. Y. 446; *Stillman* v. *Northrup*, 109 N. Y. 473; *Baldwin* v. *Doying*, 114 N. Y. 452; *Gokey* v. *Knapp*, 44 Iowa, 32; *Matter of Hughes*, 225 App. Div. 29; 251 N. Y. 529; *Lopez* v. *Campbell*, 163 N. Y. 340; *Klein* v. *Cohen*, 142 App. Div. 500.) The evidence does not establish by

proof beyond mere surmise and conjecture that the plaintiff received any bonus or rebate. (*Brown* v. *Johnson*, 43 Utah, 1; *McLean* v. *Camak*, 97 Ga. 804; *White* v. *Benjamin*, 138 N. Y. 623; *Brown* v. *Robinson*, 224 N. Y. 301; *Mutual Life Ins. Co.* v. *Kashaw*, 66 N. Y. 544.)

*Ellsworth Baker* and *Benjamin Cosor* for respondents. The proof shows that the appellant corporation had and was chargeable with knowledge of the usurious transaction. (*Henry* v. *Allen*, 151 N. Y. 1; *Toronto Bank* v. *McDougall*, 15 U. C. C. P. 475; *American Soda Fountain Co.* v. *Stolzenbach*, 75 N. J. L. 721; *Craigie* v. *Hadley*, 99 N. Y. 131; *Holden* v. *New York & Erie Bank*, 72 N. Y. 286; *Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 559; *Rock River Development Co.* v. *German-American Brewing Co.*, 193 App. Div. 197; *Condit* v. *Baldwin*, 21 N. Y. 219; *Wyeth* v. *Braniff*, 84 N. Y. 627; *Algur* v. *Gardner*, 54 N. Y. 360; *Bliven* v. *Lydecker*, 55 Hun, 171; *Stillman* v. *Northrup*, 109 N. Y. 473.)

*Per Curiam.* The evidence justifies the inference that the president and the attorney-director in making the loan and in taking the bonus were acting for and in behalf of the corporation. On this point the plaintiff has at least failed to call these two officers to show what became of the money they received.

Whether the mortgage would be void for usury if the two officers, betraying their trust and violating their duty, personally accepted a bonus for the loan from the corporation, we do not decide.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O BRIEN and HUBBS, JJ., concur.

Judgment affirmed.