ALANSON HEWLETT, Appellant, v. TIDE WATER OIL SALES CORPORATION and QUEENS BOROUGH GAS AND ELECTRIC COMPANY, Respondents.— On argument, order denying plaintiff's motion for a bill of particulars reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted; the bill of particulars to be served within ten days from service of a copy of the order herein. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice.

ISIDORE WETCHLER and SOLOMON WETCHLER, Copartners Together, Appellants, v. WEAL HOMES CORPORATION and Others, Respondents, Impleaded with JOHN J. STRANG and Others, Defendants.— Judgment reversed on the law and a new trial granted, with costs to plaintiffs to abide the event, on the ground that the plaintiffs made *prima facie* proof of the delivery of materials to the defendant corporation for the improvement of its property for which their liens were filed. Delivery was made on the order of the president of the defendant corporation, which was the owner of the buildings to be improved. The corporation could act only through its officers, and presumptively the corporation was acting through its president in dealing with plaintiffs. (*New York Mortgage Co.* v. *Garfinkle*, 231 App. Div. 327, 329, 330; affd., 258 N. Y. 5.) The bond discharging the lien was signed by Muss as president, and the answer of the defendant corporation was verified by him as such president. The admission of Muss was that he was the owner and in control of the corporation. If there was doubt in the mind of the court on this state of the proof, the plaintiffs should have been permitted to supply further evidence. If there had been failure to make proof of the liability of the defendant corporation, the evidence justified a judgment against the defendant Charles J. Muss individually, regardless of the fact that no personal judgment was demanded against him in the complaint. In this type of action the complaint would be deemed amended to conform to the proof. (Civ. Prac. Act, § 105.) There are no findings of ultimate fact, and for the purpose of granting a new trial all findings of fact are reversed. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

LESTER BERKOWITZ, an Infant, etc., by His Guardian ad Litem, JACK BERKOWITZ, Appellant, v. WALTER FLUHR and Another, Defendants, and ANDREW GARBARINO, etc., Respondent.— Motion for leave to appeal to the Court of Appeals denied. Motion for a stay denied. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

VINCENT P. DONIHEE, Respondent, v. GEORGE MOSCAHLADES and Others, as Copartners, etc., Defendants; SOCRATES MOSCAHLADES and Another, Appellants. — Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

JOHN J. EICH, Respondent, v. MODERN SILVER LINEN SUPPLY Co., INC., Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

ALBERT FRENCH, Respondent, v. MARGARET F. FENN, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. Question to be certified. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ. Settle order on notice. [See *ante*, p. 838.]

ISIDOR HABER, Respondent, v. PARAMOUNT ICE CORPORATION, Appellant.— Motion to resettle order denied, without costs. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.