## (March 9, 1964)

■ FRANKLIN NATIONAL BANK OF LONG ISLAND, Respondent, v. LOUIS DE GIACOMO, Appellant, et al., Defendants.— In an action to foreclose a mortgage, the defendant De Giacomo appeals from so much of an order of the Supreme Court, Nassau County, entered February 19, 1963, as granted plaintiff's motion for summary judgment against him, struck out his answer and directed judgment against him for the relief demanded in the complaint. Order modified so as to provide: (1) that plaintiff's motion is granted to the extent of directing partial summary judgment against defendant Louis De Giacomo for so much of its claim as does not represent unpaid interest; (2) that as against said defendant the plaintiff's claim for the unpaid interest is severed from the rest of its claim against him; (3) that with respect to said claim for unpaid interest against said defendant, plaintiff's motion for summary judgment is denied; and (4) that the entry of judgment in the action shall be held in abeyance pending the determination of said claim for unpaid interest against said defendant. As so modified, order, insofar as appealed from, affirmed, without costs. In our opinion, triable issues are presented with respect to the defense of usury. Although a usurious loan by a bank is not void, the entire interest is forfeited (U. S. Code, tit. 12, § 86; Banking Law, §§ 108, 235-b) and the defense of usury is available as against a bank's claim for unpaid interest (*Empire Trust Co. v. Coleman*, 222 N. Y. 577; *East N. Y. Sav. Bank v. Lang*, 261 App. Div. 981). The plaintiff claims that there is no proof that it had knowledge of the alleged bonus exacted by its assistant vice-president, which forms the basis for the said defendant's claim of usury. However, defendant is not in a position to know whether the plaintiff through its agents had knowledge of the bonus. Hence, the rule applies that summary judgment should not be granted if the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent (*De France v. Oestrike*, 8 A D 2d 735). Moreover, in the court below, plaintiff took the position that the *entire* transaction was entered into in the regular course of the bank's business and that no officer of the bank *personally* profited thereby. Although probably not intended, the logical inference to be drawn therefrom is that the bonus was paid to the bank itself. The ambiguity thus created should be clarified at trial. Under the circumstances, we do not reach the question whether the plaintiff would be chargeable with usury if the bonus were in fact personally exacted by its officer without its knowledge or assent (cf. *New York Mtge. Co. v. Garfinkel*, 231 App. Div. 327, affd. 258 N. Y. 5). Since the defense of usury is a partial defense applicable only to the claim for unpaid interest, and since no triable issue is presented with respect to either the allegations of plaintiff's complaint or the other purported defenses asserted by the said defendant, the plaintiff is entitled to judgment for so much of the amount demanded as does not represent unpaid interest. The claim for unpaid interest must, accordingly, be severed to await trial for disposition.

However, inasmuch as there can be only one judgment of foreclosure, the entry of judgment herein should be held in abeyance pending determination of the claim for unpaid interest (CPLR 3212, subd. [e], par. 2). Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.