(December 20, 1977)

■ In the Matter of THOMAS O'GARRO, Appellant, v NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE et al., Respondents.—Order and judgment (one paper), Supreme Court, Bronx County, entered on or about September 15, 1976, affirmed for the reasons stated by Helman, J., without costs and without disbursements. Concur—Lupiano, Birns and Lane, JJ.; Murphy, P. J., dissents in the following memorandum: Petitioner was a "motor equipment repairman", Civil Service Grade 12, at Bronx State Hospital. On November 29, 1972, the petitioner was brought up on disciplinary charges for various acts of misconduct, incompetence and insubordination during the period February, 1970 through October, 1972. The hearing on these charges was terminated, without prejudice, by the director of the hospital. On or about November 1, 1974, a new set of charges was served on the petitioner and he was suspended, without pay, pending binding arbitration of those charges. On December 4, 1975, the disciplinary proceeding was settled by the parties in a signed stipulation. Essentially, the stipulation provided that petitioner would accept a transfer to the position of "upholsterer", Grade 10. He would also receive one half of his salary ($4,429.20) during his 13 months of suspension. On January 15, 1976, the Department of Mental Hygiene circulated a notice that there would be a reduction in support service employees, effective February 25, 1976, due to the budget crisis. On February 4, 1976, defendant was officially notified that, because of the budget cuts, his services would be terminated as of February 25, 1976. Simultaneously, petitioner was offered a position as a "mental hygiene therapy aide", Grade 7, to be effective February 6, 1976. By letter dated February 9, 1976, defendant accepted the position of "mental hygiene therapy aide". On April 7, 1976, the parties entered into a stipulation recognizing that the petitioner would be employed in that Grade 7 position. On or about March 16, 1976, petitioner's counsel wrote the respondents in an attempt to relieve his client from the harsh effects of the December 4, 1975 settlement. On May 7, 1976, an assistant commissioner in the Department of Mental Hygiene denied counsel's request that the petitioner be reinstated as "motor equipment repairman", Grade 12. The court at Special Term denied petitioner's application to set aside the stipulation of settlement since there was no showing that the respondent had bargained in bad faith. The court further found that this proceeding was barred by the four-month Statute of Limitations (CPLR 217). Generally, a stipulation will not be set aside without a showing

of good cause therefor, such as fraud, collusion, mistake or accident (Campbell v Bussing, 274 App Div 893). In his petition, O'Garro seeks to set aside the stipulation on the ground that the representative of the respondent hospital entered into it with the knowledge that the "upholsterer" position was soon to be abolished. Thus, the petitioner does not seek to challenge or reivew any administrative determination under article 78 of the CPLR. The relief sought by the petitioner should have been brought in a plenary action to vacate the stipulation rather than in an article 78 proceeding. (Gardner v Board of Educ., 28 AD2d 616). For purposes of the motion to dismiss, the instant petition should have been treated as a complaint in a plenary action to rescind for fraud. (Matter of 700 Cent. Park Ave. Corp. v Russo, 35 AD2d 574). As a plenary action seeking rescission, this proceeding not only states a valid basis for relief but it is also timely under the controlling six-year Statute of Limitations (CPLR 213). Moreover, an analysis of the record shows that there are factual questions raised that should be explored at trial. First of all, the basic issue of whether the representatives of the respondent hospital were aware on December 4, 1975 that the position of "upholsterer" was to be abolished in January of 1976 is a matter within their exclusive knowledge. Under this circumstance, judgment should not have been given to that moving party (Franklin Nat. Bank of L. I. v De Giacomo, 20 AD2d 797). Secondly, it should be stressed that in its notice, circulated on January 15, 1976, the Department of Mental Hygiene states as follows: "This is a follow-up to recent telephone conversations with each facility concerning the reduction in force and subsequent layoff of support service employees". From the above excerpt, a question is raised as to whether the respondent hospital was aware on December 4, 1975 that the upholsterer position was in serious jeopardy of being abolished. It should be further stressed that Egbert Wilson, the acting director who signed the December 4, 1975 stipulation, has not submitted an affidavit denying his foreknowledge of January, 1976 layoffs. Likewise, the affidavit of Sherelle Matthews, the personnel administrator of the hospital, is silent on whether she had reason to believe in early December, 1975 that the upholsterer position would be abolished in January, 1976. If the petitioner can show by proper evidence at trial that the respondent hospital entered into the stipulation with the foreknowledge that the upholsterer position was soon to be abolished, he is entitled to have the stipulation rescinded and the status quo restored. I would deny the motion to dismiss with leave to the respondents to answer within 10 days.