■   HEMPSTEAD BANK, Appellant, v BARTLEY DE BUONA, Individually and Doing Business as ST. JAMES CARD PARTY, et al., Respondents.—In an action to recover on a note, in which the defendants counterclaim, *inter alia,* to recover twice the amount of an alleged interest overcharge, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered August 7, 1978, as (1) awarded plaintiff (a) judgment in the principal amount of only $2,813.93 on its cause of action and (b) attorney's fees in the amount of only $422, and (2) awarded defendants judgment in the principal amount of $8,994.52, on their counterclaim for an alleged interest overcharge. Judgment reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the plaintiff is awarded judgment on the note in the sum of $3,132.81 with interest from April 6, 1978, and counsel fees in the sum of $469.92, the third decretal paragraph is deleted and the action is remanded to Special Term for further proceedings consistent herewith. For the reasons stated by Madam Justice Burstein in her decision, we agree with her findings that the plaintiff "knowingly" charged

a usurious rate of interest within the meaning of subdivision 6 of section 108 of the Banking Law (as that section read at the time of this 1973 loan) and that the defendants may properly recover the statutory penalty of double interest by means of a counterclaim in plaintiff's action on the debt. We are also in agreement with Special Term's implicit finding that subdivision 6 of section 108 of the Banking Law requires plaintiff to forfeit the entire amount of interest charged in the subject transaction, and not merely rebate the amount of interest paid which exceeds the statutory limit (see *Franklin Nat. Bank of Long Is. v De Giacomo,* 20 AD2d 797). Similarly, the penalty of double interest must be calculated on the basis of the entire amount of interest actually paid by the borrower, and not merely the amount of excess interest paid (cf. *Lake Benton First Nat. Bank v Watt,* 184 US 151). However, for the reasons which follow, we find it necessary to reverse the judgment insofar as appealed from. As to the unpaid balance on the loan, we find the figure reached by Special Term to be inaccurate, as it is based on the erroneous assumption that plaintiff may recover only the unpaid portion of the $15,000 principal. In our opinion, the unpaid balance recoverable by plaintiff should also include (prorated) life insurance premiums and liquidated damages for late payments ("late fee") chargeable to the defendants on account of the subject loan. The Legislature's evident intent in section 108 of the Banking Law was to insulate such additional sums from forfeiture, since these charges are among those expressly authorized to be taken "in addition" to the "maximum rate of interest authorized by [subd 4]" (Banking Law, § 108, subd 4, par [c]). We conclude that such sums do not constitute a part of the interest to be forfeited pursuant to subdivision 6 of section 108 of the Banking Law. Accordingly, we calculate the unpaid balance as follows: to the principal of $15,000 must be added $293.86 in life insurance premiums (as prorated by plaintiff to adjust for the shortened life of the loan) and $25 in late charges, for a total (postforfeiture) debt of $15,318.86. From this latter amount must be subtracted defendants' total payments, which we find to be $12,186.05. The difference between the total post-forfeiture debt and the total payments, or $3,132.81, constitutes the unpaid balance owed by the defendants. Further, plaintiff should have judgment for attorney's fees in the sum of 15% of the unpaid balance, or $469.92, as provided in the collateral installment business note. As regards the determination of the statutory penalty, Special Term found that the amount of interest actually paid by the defendants was $4,497.26, in apparent reliance on plaintiff's answer to one of defendants' interrogatories, as read into the trial record by defendants' attorney. However, as we read the trial record, the above-quoted figure, although denominated in the interrogatory simply as "interest", includes amounts paid as life insurance premiums. For the reasons already stated, we hold that life insurance premiums do not constitute interest for the purpose of calculating the double interest penalty imposed by subdivision 6 of section 108 of the Banking Law and that Special Term's determination of that statutory penalty is therefore in error. Since the extent to which the $4,497.26 figure employed by Special Term comprises amounts paid as insurance premiums is indeterminable on this record, it is not possible for us to supply a correct determination of the statutory penalty. Accordingly, we remit the matter to Special Term for further proceedings consistent herewith. Mangano, J. P., Rabin, Margett and Martuscello, JJ., concur.