■ DONALD T. COHEN et al., Respondents, v NEAL F. EISENBERG et al., Appellants, et al., Defendants. [697 NYS2d 625] —In an action to foreclose a mortgage, the defendants Neal F. Eisenberg and Kim Yen Eisenberg appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated February 17, 1999, as granted those branches of the plaintiffs' motion which were, in effect, for summary judgment dismissing their first, second, and eighth affirmative defenses alleging usury, and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof granting those branches of the plaintiffs' motion which were for summary judgment dismissing the appellants' first, second, and eighth affirmative defenses alleging usury, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

In 1987 the appellants, Neal Eisenberg and Kim Yen Eisenberg, were deeply in debt and were about to lose their Staten Island home in a mortgage foreclosure action. The Eisenbergs contacted Lighthouse Funding Company (hereinafter Lighthouse), in order to obtain a mortgage loan. Lighthouse assigned the appellants an attorney named Kenneth Orbes and a mortgage broker named Gary Cohen. The Eisenbergs received a commitment letter dated July 10, 1987, from the plaintiff Donald T. Cohen, who is a certified public accountant in Florida and the brother of Gary Cohen. The commitment letter offered the Eisenbergs a three-year $120,000 mortgage loan at an interest rate of 19.5%. The Eisenbergs were given three days to accept the offer by signing the letter and remitting it, with $1,200, to Robert Levy, who was Donald T. Cohen's lawyer

in Long Island. The commitment letter is signed by both Donald T. Cohen and the appellants. The appellant Neal Eisenberg testified at his deposition that Orbes loaned him money to assist him to proceed with the mortgage loan. The closing statement for the mortgage loan, which recites disbursements on the day of closing (out of a special attorney's account maintained by Robert Levy), indicates that the appellants gave Orbes $3,700, of which $1,200 represented "Repayment of Loan * * * Commitment".

At the closing, the appellant Neal Eisenberg allegedly discovered to his surprise that the lender was *not* Donald T. Cohen's "trust" but a party he had never heard of before named "American Universal Mortgage Banking, Inc." (hereinafter American). Relying on Orbes's assurances that everything was in order, the appellants signed all of the documents presented to them at the closing. Immediately thereafter, the mortgage was assigned by American to the plaintiffs Donald T. Cohen, who received 93.59%, and Clara Levy, who received 6.41%, for $10 consideration. Robert Levy, Donald T. Cohen's lawyer, was present as the "Bank's Attorney", and was paid $506 by Eisenberg for his services. Eisenberg paid additional fees at the closing to, among others, Orbes, Gary L. Cohen, Lighthouse, and American.

When the Eisenbergs defaulted on their mortgage payments, Donald T. Cohen and Clara Levy brought this foreclosure action, and the appellants answered, raising, *inter alia*, affirmative defenses of usury. The plaintiffs thereafter moved, in effect, for summary judgment dismissing the answer, and the court granted the motion. We now modify the order to reinstate the affirmative defenses of usury.

Since December 1, 1980, the maximum legal interest rate for loans under New York State law has been 16% per annum (General Obligations Law § 5-501; Banking Law 14-a; *see, e.g., Stanley Weisz, P. C. Retirement Plan v NCHD Assocs.*, 237 AD2d 276). Accordingly, an interest rate of 19.5% is usurious on its face unless the lender qualifies for the Federal exemption set out in 12 USC 1735f-5 and 1735f-7.

Insofar as is relevant to this appeal, a lender may be exempt from State usury laws if it can show, *inter alia,* that it is a "qualified creditor" (*see,* 12 USC 1735f-5, 1735f-7). A "qualified creditor" is a party which is insured or regulated by a Federal agency, or which makes or invests in residential real estate loan aggregating more than $1 million per year, and is a regular extender of consumer credit "which is payable by agreement in more than four installments or for which the payment

of a finance charge is or may be required" (15 USC 1602 [f] [1]; 12 USC 1735f-5 [b] [2] [D]).

Because the plaintiffs' motion was, in effect, for summary judgment dismissing the answer, it was incumbent upon them to establish as a threshold matter that American qualified for the Federal exemption from New York State's usury laws, and American did not participate in the mortgage loan transaction solely to enable the plaintiffs to circumvent New York's usury laws.

The only proof tendered by the plaintiffs tending to establish entitlement of American to the Federal exemption was an affidavit submitted in an unrelated action in 1990 by American's former Secretary-Treasurer, Bernard Seeman. Under the circumstances, this affidavit is insufficient to warrant granting judgment to the plaintiffs as a matter of law, particularly since American is now out of business, Seeman has been convicted of an unidentified crime, and the plaintiffs' attorney submitted an affirmation stating that the plaintiffs' prior attorney in this action attempted,without success, to obtain an affidavit from Mr. Seeman (*see, e.g., New York Mtge. Co. v Garfinkle,* 231 App Div 327, *affd* as amended 258 NY 5; *see also, In re Russell,* 72 Bankr 855).

In any event, the Eisenbergs have raised issues of fact suggesting that American was not the actual lender, but was merely inserted briefly into the loan transaction at the closing in order to circumvent New York's usury laws (*see, e.g., Schanz v Sotscheck,* 167 App Div 202; *see also, New York Mtge. Co. v Garfinkle, supra*). Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.