Keating, J.
George K. Hoffman and Margaretha Wilkens .commenced this action to recover sums of money owed to them '.by the defendants and evidenced by three promissory notes. 'The maker of each note is the corporate defendant, Lee Nashem "Motors, Inc. The indorser of each note is the individual .defendant, Leland Nashem.
Summary judgment on the notes in favor of the plaintiffs -was granted by Special Term. The Appellate Division (First Department) affirmed, one Justice dissenting.
The sole question on this appeal is whether the defendants "have raised a triable issue of fact, which should have precluded .the granting of summary judgment in favor of the plaintiffs. Wo conclude that summary judgment was properly granted *516 on the first note hut that issues of fact are raised with respect to the other two notes.
The first note, in the amount of $18,250, is payable to the plaintiff Hoffman’s order. It was made on February 11, 1965 and became due on October 22, 1965. For purposes of this appeal we shall assume the correctness of the defendants’ contention that this note represented repayment of principal plus 11% interest on a loan made by Hoffman.
The defendants claim that, although the loan was made, in form, to the corporation Lee Nashem Motors, Inc., it was really made to Leland Nashem as an individual. Thus, they argue, the form of the loan constituted an attempt to avoid the usury laws (G-eneral Obligations Law, §§ 5-501, 5-511). The defendant Nashem’s affidavit does not state, however, any underlying-facts upon which the conclusion is based that the loan was really made to him as an individual.
In any event, the issue which Nashem seeks to raise is clearly governed by our decision in Leader v. Dinkler Mgt. Corp. (20 N Y 2d 393). In that ease, the affidavits alleged “ that the loan [in question had been] made to a corporation whose certificate was filed on the day preceding the loan agreement and which ivas organized for the specific purpose of avoiding the usury laws; and that [it] * * * was simply a shell corporation that had neither assets nor business of any kind ” (supra, p. 398; emphasis supplied). We also noted that the individual shareholders, as guarantors, had repaid a large portion of the loan.
Nevertheless, we held that summary judgment upholding the loan was properly granted. Our opinion makes it clear that a loan to a corporation, even a “ dummy” corporation formed to avoid the usury laws and to accept the usurious loan, is valid. (See, also, Jenkins v. Moyse, 254 N. Y. 319.) Thus, even if the defendants could prove upon a trial what was alleged in Leader v. Dinkler (supra), the first note nevertheless would be valid under our holding in that case. Accordingly, the order of the Appellate Division affirming the granting of summary judgment with respect to the first note should be affirmed.
The second and third notes present a somewhat different problem. The second note, in the amount of $16,000, is payable to Hoffman’s order, while the third note, in the amount of $1,000, *517 is payable to the order of Margaretha Wilkens, Hoffman’s secretary. The defendants assert that both of these notes were made in payment for a loan of $16,000 which bore a separate 5% interest. For the purpose of this appeal, we shall assume the correctness of the defendants’ contention that the interest on the loan for which these notes were made amounted to 17.5%.
The second loan of $16,000 was made in the form of a check payable to Leland Nashem. Moreover, it appears that the $16,000 never went into the corporate account of Lee Nashem Motors, Inc. Leland Nashem indorsed the $16,000 check to the Irving Trust Company on behalf of the Lee Nashem Agency, Ltd., a separate corporation. Thus, since the loan was made to Leland Nashem individually, the note indorsed by him individually, and, the funds failed, insofar as the record shows, to reach the account of Lee Nashem Motors, this loan appears not to have been made to Lee Nashem Motors at all. On facts such as these, summary judgment should not have been granted in favor of the plaintiffs. To come within the purview of the rule set down in Leader v. Dinkier Mgt. Co. (supra) and Jenkins v. Moyse (supra), the loan must be made in form, at least, to the corporation.
Since these notes cannot be upheld under Leader, questions of fact with respect to them are raised. On a trial of the action, the plaintiffs can attempt to prove, pursuant to their allegations, that the loan was not usurious or that the loan was in fact made to the corporation, although in form, to the individual, Leland Nashem.*
One further point has been raised by the defendants. They contend that the two loans were really one transaction so that if the second loan is usurious the first one is likewise tainted. It is unnecessary to reach the issue of whether, under circumstances such as these, one usurious loan would taint the other, even if they did constitute one transaction.
However, there is nothing in the papers to indicate that the two loans were one transaction. The facts, as contained in the *518 affidavits, indicate the contrary. The loans were made on different dates to different borrowers. Moreover, the defendants’ affidavit does not even assert that the two loans constituted one transaction. In raising the issue for the first time in this court, the defendants have failed to present a single fact which might support such an inference. (See CPLR 3212, subd. [b]). We conclude that the contention that the two loans constituted one transaction is without merit.
Accordingly, for the reasons stated, the order of the Appellate Division, insofar as it affirmed the order of Special Term granting summary judgment in favor of the plaintiff Hoffman on the note in the amount of $16,000 plus interest from the due date and in favor of the plaintiff Wilkens in the amount of $1,000 plus interest from the due date, should.be reversed and, in all other respects, the order should be affirmed, without costs.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan and Breitel concur.
Order modified in accordance with the opinion herein and, as so modified, affirmed, without costs.

 The defendants seek to present a conflict of laws issue regarding whether Connecticut law. (which permits 12% interest) or New York law should apply. The Connecticut law would only be of significance with respect to the first loan (11%). The second loan would be usurious under either statute.