■ ARTHUR A. ROEDER, Appellant v. BERNARD JUDOVITZ et al., Respondents.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff appeals from a judgment of Erie Trial Term which dismissed his promissory note action at the close of his case on the ground that the loan was usurious and the note was the individual obligation of defendant Judovitz and not that of the defendant Rochester Furniture Fashions, Inc., of which he was an officer. The note which is signed by defendant Judovitz "Vice President, Rochester Furniture Fashions, Inc." and by plaintiff's brother (who is not sued) as president and secretary provides: "The undersigned agree that this note is a debt of Rochester Furniture Fashions, Incorporated and also a personal debt, which in case the Rochester Furniture Fashions, Incorporated should be unable or unwilling to pay the total amount due, it is to become a personal liability and obligation of either and/or of both undersigners. Signed as private individuals and as corporate officers of Rochester Furniture Fashions, Inc." Plaintiff testified that defendant Judovitz and his brother were in business as Rochester Furniture Fashions, Inc., and they borrowed the money to assist in financing the opening of a second store. A corporation as principal obligor cannot plead usury and an individual as surety or guarantor can avail himself of only those defenses which are available to the corporation. (*Leader* v. *Dinkler Management Corp.* 20 N Y 2d 393; *General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87, 95.) On the proof at the close of plaintiff's case there was a triable issue as to whether the individual defendant was a principal debtor or whether his liability was secondary accruing only after default of the corporation. (*Pink* v. *Kaplan Inc.,* 252 App. Div. 490, 491, 492.) (Appeal from judgment of Erie Trial Term, dismissing complaint.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.

■ MID-ATLANTIC CONSTRUCTION CORP., Respondent, v. LAWRENCE GUIDO et al., Defendants, and NEW HARTFORD PLAZA, INC., et al., Appellants, et al., Defendant. M. M. MARSHALL CO., INC., Respondent, v. NEW HARTFORD PLAZA, INC., et al., Appellants, et al., Defendant. (Action No. 3.) — Order dated April 13, 1965, insofar as it denied motion of defendants New Hartford Plaza, Inc., Loomis J. Grossman and Betti S. Grossman, as Trustees, Robert C. Baker and Loomis J. Grossman, Jr. to dismiss the first and second causes of action contained in the amended complaint of the plaintiff, M. M. Marshall Co., Inc., and denied the motion to proceed to arbitration if the issue with respect of fraud in the inducement of the contract is determined in favor of owner defendants, unanimously reversed, without costs, and motion so far as it relates to these matters granted. Same opinion as in *Mid-Atlantic Constr. Corp.* v. *Guido* (30 A D 2d 232), decided concurrently herewith. (Appeal from order of Oneida Special Term, denying motion to dismiss certain causes of action, and to sever.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry JJ.