Phillip J. McNELLIS, Trustee of Donald S. Potter and Jackson M. Potter, Bankrupts, Plaintiff,

v.

Isadore RAYMOND, Defendant.

Civ. No. 65-CV-63.

United States District Court
N. D. New York.

July 14, 1969.

See also D.C., 287 F.Supp. 232.

Laurence Sovik and Laurence F. Sovik, of Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer, Syracuse, N.Y., for plaintiff.

Dante M. Scaccia, of Love, Balducci & Scaccia, Syracuse, N.Y., for defendant.

TIMBERS, District Judge:[*]

## QUESTION PRESENTED

In this action to recover moneys paid out by a bankrupt on allegedly usurious loans, the question presented following trial on the usury cause of action (as distinguished from the fraudulent con- veyance cause of action, previously tried) is whether plaintiff trustee in bankruptcy may recover from defendant Raymond, a money lender, certain payments of principal and interest made to Raymond by the bankrupt, Donald S. Potter, in repayment of earlier loans from Raymond to Donald and to Potter Real Estate Company (Donald's sole proprietorship), on the ground that such payments were null and void as against the trustee because the loans were usurious, having been made at rates of interest in excess of 6% per annum. More specifically, the narrow question here is whether the trustee's usury cause of action is barred by the applicable one year statute of limitations pleaded by defendant. N.Y.Gen. Obligations Law § 5–513 (McKinney 1964).

Upon the undisputed facts controlling this question, the Court holds that the trustee's usury cause of action is barred by the statute of limitations. Defendant accordingly is entitled to judgment dismissing the first cause of action alleged in the complaint.

## PRIOR PROCEEDINGS

Following an earlier trial on the trustee's fraudulent conveyance cause of action (the second cause of action), the Court held that, since the bankrupt, Donald S. Potter, had benefited directly from Raymond's loans, there was valuable consideration for Donald's payments to Raymond and the transfers therefore were not fraudulent. The Court accordingly ordered that judgment be entered dismissing the second cause of action alleged in the complaint—the only cause of action pressed at the earlier trial.[1]

For reasons more fully set forth in the Court's opinion following the first trial,[2] leave was granted to the trustee to pursue his abandoned usury cause of action, in the light of certain informa-

---

[*] Chief Judge of the District of Connecticut, sitting by designation.

1. McNellis v. Raymond, 287 F.Supp. 232 (N.D.N.Y.1968).

2. *Id.*, at 242–45.

tion which first became available to him at the first trial:

" . . . [P]laintiff did not pursue at the trial his first cause of action, based upon the alleged usurious character of the loans, in reliance upon defendant's representation that his transactions were solely with Potter Securities Corporation and not with the bankrupt, Donald S. Potter, or Potter Real Estate Company, his sole proprietorship. Contrary to defendant's answers to certain of plaintiff's interrogatories, defendant produced at the trial checks drawn by him to the order of Donald S. Potter and Potter Real Estate Company. Since plaintiff's abandonment of his usury cause of action appears to have been induced by defendant's failure to disclose prior to trial that he had had such transactions with Donald S. Potter or Potter Real Estate Company, plaintiff is granted leave . . . to move for trial upon his first cause of action, . . ." 287 F.Supp. at 234.

The Court, in granting the trustee leave to pursue his usury cause of action, expressed no opinion on its merits:

"In granting the trustee an opportunity for his day in Court on his usury cause of action, in view of Raymond's failure to disclose prior to trial what he was duty-bound to disclose, the Court wishes to emphasize that it is expressing no opinion whatever on the merits of such claim. The problems confronting the trustee in proving such a usury claim are well known to counsel. See, e.g., In re Potter, 367 F.2d 513 (2 Cir. 1966), and particularly Judge Feinberg's observations at 516–17. Nevertheless, whether the trustee, acting upon the advice of counsel, as a practical matter wishes to pursue or abandon his usury cause of action is for *him* to determine in the exercise of his business and fiduciary judgment. All this Court holds, in the exercise of its inherent equitable powers, is that the trustee is entitled to make that determination in the light of the information withheld from him by Raymond prior to trial and which Raymond was duty-bound to disclose." 287 F.Supp. at 244–45.

## STATUTE OF LIMITATIONS APPLICABLE TO USURY CAUSE OF ACTION

At the earlier trial on the fraudulent conveyance cause of action, defendant pressed the one year statute of limitations provided in N.Y.Gen. Obligations Law § 5–513 (McKinney 1964), which he had pleaded as a special defense. The Court held that this statute of limitations was not applicable to the fraudulent conveyance cause of action.[3]

■ Section 5–513,[4] however, clearly is applicable to the usury cause of action. The payments which the trustee here seeks to recover are reflected in 294 checks drawn by Potter Real Estate to defendant between January 10, 1958 and March 1, 1962. The bankruptcy petition was filed May 28, 1963.[5] The instant action was commenced February 8, 1965.

Commencement of an action within two years subsequent to adjudication of

3. *Id.*, at 237 n. 3.

4. N.Y.Gen. Obligations Law § 5–513(1): "Every person who [pays a usurious loan], and his personal representatives, may recover in an action against the [lender whom he has paid] the amount . . . above the [legal] rate . . ., if such action be brought within one year after such payment or delivery."

The harshness of this short period of limitation has been recognized by the legislature which has deleted it from amended § 5–513, L.1968, c. 1072, § 4 (McKinney's 1968 Session Laws of New York), effective July 1, 1969, L.1968, c. 1073, § 1 (McKinney's 1968 Session Laws of New York); however, as to causes of action which had accrued but were not barred when the amendment to this section was passed, the action must be commenced, if at all, under the old statute. L.1968, c. 1072, § 38, reprinted in note to N.Y. Gen. Obligations Law § 6–101 (McKinney Supp.1968).

5. The date of adjudication is deemed to be the date of filing the petition where the bankruptcy is voluntary, as it was here. Section 18f of the Bankruptcy Act, 11 U.S.C. § 41(f) (1964).

bankruptcy is timely only so long as the action itself was not barred as of the date of adjudication. Section 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e) (1964). This grace period does not authorize the trustee to resurrect an otherwise time-barred cause of action; it grants to him a period of two years within which to familiarize himself with the estate he has been appointed to administer and to decide which actions available to the bankrupt as of the date of bankruptcy should be prosecuted, and where.[6]

The trustee's claim that, as with the fraudulent conveyance cause of action,[7] N.Y. Debtor and Creditor Law §§ 273–276, 278 (McKinney 1945), and the six year statute of limitations carried with it pursuant to N.Y. CPLR § 213(6) (McKinney 1963), should control the instant usury cause of action, is rejected as contrary to the clear intent of the New York usury statutes pursuant to which the trustee's instant cause of action is asserted.

Since the trustee's usury cause of action, upon the undisputed controlling facts, clearly is barred by New York's one year statute of limitations, the Court finds it neither necessary nor appropriate to reach the merits of this cause of action.

### TRUSTEE'S MOTION TO REOPEN RECORD AS TO FRAUDULENT CONVEYANCE CAUSE OF ACTION

Obviously to avoid the bar of the usury statute of limitations, the trustee, by motion and tender of evidence at the trial of the usury cause of action, sought to utilize the second trial to relitigate his fraudulent conveyance claim which the Court previously had dismissed after a full trial and upon the basis of a comprehensive opinion containing findings of fact and conclusions of law. *Supra* note 1.

Construing such motion and tender of evidence at the second trial as a motion to reopen the record and for a new trial on the fraudulent conveyance cause of action, such motion is denied in the exercise of the Court's discretion and upon reasoning analogous to principles of *res judicata*.

The trustee has offered no satisfactory explanation for having failed to adduce at the earlier trial his allegedly new fraudulent conveyance evidence—for the most part, new compilations and new theories—which he tendered at the subsequent trial of the usury cause of action; much less has the trustee demonstrated any relationship between his failure to offer such evidence at the first trial and defendant's failure until that trial to disclose that he had loaned money to the non-corporate entities, Donald S. Potter and Potter Real Estate (the latter failure being the only justification for a second trial at all).

Such attempted relitigation is barred by long established principles of *res judicata*. "Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel." Commissioner v. Sunnen, 333 U.S. 591, 598 (1947). See Cromwell v. County of Sac, 94 U.S. 351 (1876); Brown v. Bridgeport Rolling Mills Co., 245 F. Supp. 41, 45 (D.Conn.1965), and cases cited at 44 n. 6.

In short, the time must come when the curtain is drawn down on this protracted litigation involving a bankruptcy estate now in its seventh year. So far as this Court is concerned, that time is now.

---

6. See Austrian v. Williams, 198 F.2d 697, 701 (2 Cir.), cert. denied, 344 U.S. 909 (1952): "[Section 11(e)] expressly precludes the trustee in bankruptcy . . . from bringing suit upon 'any claim against which the period of limitations fixed by . . . State law' has expired at the time of the filing of the petition in bankruptcy . . . And, this is consonant with Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, which equates the right of the trustee with that of the bankrupt." See also Buchman v. American Foam Rubber Corp., 250 F.Supp. 60, 71 (S.D.N.Y.1965); 1 Moore's Collier on Bankruptcy ¶ 11.13, at 1198 (14th ed. 1968).

7. 287 F.Supp. at 238.

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R. Civ.P.

### ORDER

ORDERED as follows:

(1) That defendant is entitled to judgment dismissing the first cause of action alleged in the complaint.

(2) That plaintiff's motion to reopen the record and for a new trial on the second cause of action alleged in the complaint is denied.

(3) That the Clerk is directed to enter final judgment in favor of defendant dismissing the complaint, including the first and second causes of action alleged therein, with costs.