A. Solomon MENTER, Trustee of Donald S. Potter, Bankrupt, et al., Plaintiff-Appellant-Appellee,

v.

Richard N. AMES, Executor of Isadore Raymond, Deceased, Defendant-Appellee-Appellant.

No. 906, Docket 71-1134.

United States Court of Appeals, Second Circuit.

Argued June 28, 1971.

Decided June 28, 1971.

Laurence F. Sovik, Syracuse, N. Y. (Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer, Syracuse, N. Y., on the brief), for plaintiff-appellant-appellee.

Dante M. Scaccia, Syracuse, N. Y. (Love, Balducci & Scaccia, Syracuse, N. Y., on the brief), for defendant-appellee-appellant.

Before MOORE, FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM:

Plaintiff A. Solomon Menter, as trustee in bankruptcy of Donald S. Potter, seeks to recover a money judgment from defendant Richard N. Ames. This case comes back to us after a prior appeal to this court and a remand to the United States District Court for the Northern District of New York, 420 F.2d 51 (1970), and familiarity with the earlier proceedings will be assumed. When the case first came before us, its title was McNellis v. Raymond. The same case now appears under the name of Menter v. Ames, because plaintiff Menter is successor to Phillip J. McNellis, as trustee, and defendant Ames is executor of the estate of Isadore Raymond.

In our prior opinion, we held that it was error to dismiss as untimely certain actions brought by the trustee, and we remanded for findings on the merits. In the proceedings on remand before Judge Edmund Port, plaintiff trustee asserted two causes of action growing out of alleged payments by Donald Potter, while insolvent, of principal and interest on loans allegedly made to him by Raymond, who was a money lender. In both causes of action, the trustee claimed that the loans were usurious, that payments by Donald Potter to defendant Raymond were therefore "without consideration" under the New York Debtor and Creditor Law and that the trustee could set them aside as fraudulent conveyances. The only difference between the two causes of action was that the first sought recovery only of interest payments over six per cent, while the second asked for recovery of all payments, including principal and otherwise legal interest.

After consideration of the record before him, Judge Port found that upon the substantial sums loaned to Donald Potter, Raymond collected a total of $17,076 in interest, of which $15,601.70 represented the amount of interest paid in excess of six percent. The judge then held that Donald Potter was insolvent when the payments were made and that any excess of interest paid over six per cent was a conveyance "without a fair consideration" under New York Debtor and Creditor Law, McKinney's Consol.Laws, c. 12, §§ 272, 273, thereby entitling the trustee to recover the excess payments. The court also held, however, that Donald Potter's payments of principal and legal interest were made for "fair consideration" and that the trustee could not recover them. Accordingly, the court awarded judgment to plaintiff of $16,601.70 and granted interest from February 8, 1965.

Both parties appealed and, although we affirmed in open court, we thought it appropriate briefly to outline in written form the factual context and the basis of our decision. The trustee's principal claim here was that he was entitled to a much larger judgment, ranging on various theories up to $582,-

637. Defendant's chief argument was that none of the payments was usurious and that the complaint should have been dismissed. We carefully considered these and other contentions made by the parties, and Judge Port's thorough analysis of the factual and legal questions involved. As to the rulings set forth above, we affirm on the basis of Judge Port's opinion, McNellis v. Raymond, which is reported at 329 F.Supp. 1038. As to the remaining issues, we find no error in the judgment below.[1]

---

1. For example, an argument was made to us that Judge Port did not decide on the merits after remand, i. e., that the trustee should have been granted summary judgment as a sanction for defend-

ant's failure to answer interrogatories. However, in the proceedings held before the prior appeal, the district court, in the exercise of its discretion, denied that relief. We see no abuse of discretion.