■ ESTHER S. SCHNEIDER et al., Respondents, v ALMA G. PHELPS, Also Known as ALMA G. DE BRAULT, Appellant.—In an action to foreclose a second mortgage on real property, defendant appeals from an order of the Supreme Court, Westchester County, dated May 6, 1975, which, *inter alia,* granted plaintiffs' motion for summary judgment. Order affirmed, without costs. Plaintiffs loaned a sum of money to a corporation of which defendant is the sole director and shareholder. The loan bore interest at a rate of one and one-half per cent per month, or 18% per annum. In order to induce plaintiffs to make the loan, defendant personally guaranteed payment thereof and, further, secured the loan with a second mortgage upon her one-family home. Upon default under the loan agreement, plaintiffs commenced this foreclosure action. In her affidavit in opposition to plaintiffs' motion for summary judgment, defendant, for the first time, raised the defense of usury and requested leave to amend her answer so as to include such defense.

Summary judgment was granted to plaintiffs without opinion by Special Term. On this appeal defendant contends that the defense of usury is meritorious and that she should have been permitted to assert it and to have the issues of fact raised with regard thereto litigated. We disagree. The only issues of fact which defendant claims exist in this case are directly related to her defense of usury. Such defense is not available to a corporation and, accordingly, is not available to an individual guarantor of a corporate debt (General Obligations Law, § 5-521; *General Phoenix Corp. v Cabot,* 300 NY 87). The statutory exception contained in subdivision 2 of section 5-521 of the General Obligations Law, whereby the defense of usury may be interposed by a corporation whose sole asset is a one- or two-family dwelling, is not applicable at bar. There is no proof in the record on this appeal tending to establish that the loan in question was anything other than a loan solely to defendant's corporation (or that it was meant to be otherwise). Such being the case, the defense of usury may not be asserted by defendant *(Leader v Dinkler Mgt. Corp.,* 20 NY2d 393; *Hoffman v Nashem Motors,* 20 NY2d 513; *Jenkins v Moyse,* 254 NY 319). In the absence of any other triable issue of fact, Special Term was correct in granting summary judgment to plaintiffs. Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.