AM-ELM REALTY, INC., Respondent, v ROBERT L. STIVERS et al., Appellants.

Fourth Department, January 21, 1977

350

*David P. Feldman* for appellant.

*Irving Greenberg* for respondent.

CARDAMONE, J. We are called upon to decide whether there exists a triable issue of fact in plaintiff's (Am-Elm Realty, Inc.) mortgage foreclosure action against defendants-appellants, Robert L. Stivers and his wife, Glea A. Stivers, with respect to their affirmative defense in which they claim that the loan on which the action is based is usurious. We believe that there is such a fact issue and that Special Term incorrectly granted summary judgment to plaintiff.

The following facts set forth in plaintiff's complaint in its foreclosure action were admitted in appellants' answer. Robert and Glea Stivers executed and delivered to plaintiff a bond and mortgage on premises at 418 Hopkins Road in the Town of Amherst, Erie County, New York, dated July 18, 1975 (due July 18, 1980) at 18% interest per annum. The bond was given as collaterl security for a $6,000 loan made by plaintiff to Stivers Industrial Systems, Inc. Under the terms of these instruments the appellants agreed that if they failed to pay an installment on a prior mortgage held by Niagara Permanent Savings and Loan Association, plaintiff could pay it on their behalf and the amount paid would be added to appellants' mortgage indebtedness due plaintiff secured by the July 18, 1975 bond and mortgage. Appellants failed to make their

mortgage payments to Niagara Savings from August, 1975 to March, 1976, which amounted to $3,331.40. Thereafter plaintiff made these payments and declared the whole amount of the Stivers indebtedness to it due. Plaintiff demanded that appellants pay it the sum of $3,331.40 plus interest at the rate of 18% and moved for summary judgment for that amount.

In support of its motion for summary judgment plaintiff furnished an affidavit by its agent and finance broker which stated that in early July, 1975 he was approached by appellants who requested that he obtain the loan for them to Stivers, Inc., and that they told him that they owned a piece of real property at 418 Hopkins Road in Williamsville, New York, which they were willing to put up as collateral security to secure repayment of plaintiff's loan to appellants. He alleged that appellants further stated that the corporation was willing to accept a loan of $6,000 and pay interest on it at a rate of 18% per annum. Appellants agreed that this would be a second mortgage on their premises at 418 Hopkins Road and agreed to it; a first mortgage was held by Niagara Savings. Appellant Robert Stivers stated in an affidavit in opposition to the motion that during the month of July, 1975 he was in need of funds to pay personal obligations and responded to an advertisement of plaintiff's agent, Harry Axelrod. According to Stivers, Axelrod told him that he would loan money to a corporation but not to Stivers individually. Mr. Axelrod referred appellant to his attorney for the purpose of creating a corporation. After appellant saw plaintiff's attorney the $6,000 loan was made by the plaintiff to the newly-formed Stivers Industrial Systems, Inc. Appellant and his wife guaranteed the loan individually and gave the July 18, 1975 bond and mortgage as collateral. Stivers further alleged that no part of the loan was ever used by the corporation, and he claimed that it was always intended and understood by everyone that the $6,000 loan was for the Stivers' personal obligations which existed prior to the forming of the corporation.

No "corporation shall * * * interpose the defense of usury in any action" (General Obligations Law, § 5-521, subd 1); nor will a loan be voided as usurious on the ground that the corporation was created specifically to avoid the usury laws (*Hoffman v Nashem Motors*, 20 NY2d 513). Moreover, the Court of Appeals, in sustaining such loan transactions, has held "that a shareholder who binds himself as guarantor or indorser of a corporate obligation will likewise not be permit-

ted to raise the defense of usury nor will that circumstance have the effect of avoiding the transaction on the ground of usury" *(Leader v Dinkler Mgt. Corp.,* 20 NY2d 393, 399). In *Hoffman v Nashem Motors (supra,* p 516), the court ruled that "[a] loan to a corporation, even a 'dummy' corporation formed to avoid the usury laws and to accept the usurious loan, is valid". If a defense of usury is not available to a corporation, it is not available to an individual guarantor of a corporate debt (General Obligations Law, § 5-521; *General Phoenix Corp. v Cabot,* 300 NY 87).

In *Leader (supra)* the facts revealed that the *loan was made by check payable to the corporation* and the *money was deposited in the corporate account* and the stock purchased by the borrowers (the purpose of obtaining the loan) was pledged as security. On this record the Court of Appeals affirmed the granting of summary judgment to the lender, dismissing plaintiff's complaint which sought the return of interest paid in excess of 6% (General Obligations Law, § 5-513).

In *Hoffman (supra)* plaintiffs commenced an action to recover sums owed them by defendants, evidenced by three promissory notes. The maker of each note was the corporate defendant, the indorser of each note was the individual defendant, Leland Nashem. The first note: $18,250, was payable to plaintiff Hoffman's order at 11% interest. Defendants claimed that although the note was made in form to the Nashem Motors Corporation, it was really made to Nashem as an individual. The court noted that defendant presented no fact to support that conclusion and, accordingly, affirmed summary judgment for plaintiff with respect to that note *(Hoffman, supra,* p 516). The second and third notes were: the second note for $16,000 payable to Hoffman's order; and the third note for $1,000 payable to Hoffman's secretary at 17.5% interest. The *second loan* of $16,000 was made in *the form of a check payable to Leland Nashem, and it did not get to the corporate account of Nashem* Motors. With respect to these notes the Court of Appeals stated *(supra,* p 517):

"Thus, since the loan was made to Leland Nashem individually, the note indorsed by him individually, and *the funds failed, insofar as the record shows, to reach the account of Lee Nashem Motors,* this loan appears not to have been made to Lee Nashem Motors at all. On facts such as these, summary judgment should not have been granted in favor of the plaintiffs. *To come within the purview of the rule set down in*

*Leader v. Dinkler Mgt. Co. (supra) and Jenkins v. Moyse (supra), the loan must be made in form, at least, to the corporation.* (Emphasis supplied.)

"Since these notes cannot be upheld under *Leader,* questions of fact with respect to them are raised. On a trial of the action, the plaintiffs can attempt to prove, pursuant to their allegations, that the loan was not usurious or that the loan was in fact made to the corporation, although in form, to the individual, Leland Nashem".

Summary judgment has been granted or denied in subsequent cases within the framework of these decisions. Thus, the defense of usury may not be asserted where the documentary evidence belies a claim that the loan was made, in fact, to benefit an individual defendant *(Royal Nat. Bank of N. Y. v Sonwel Realty Corp.,* 39 AD2d 529). However, where the loan is actually made to the individual guarantor and the parties to the loan intend the proceeds to be used by him to discharge his personal obligations, the individual guarantor may interpose the defense of usury *(Buoninfante v Hoffman,* 48 AD2d 678; cf. *Roeder v Judovitz,* 30 AD2d 770; see *Schneider v Phelps,* 41 NY2d 238, revg 50 AD2d 843).

The question to be determined is whether the true identity of the borrower is clearly revealed by the record. Plaintiff contends that there is no evidence to indicate that the money was not paid to the corporation. Appellants argue that the $6,000 loan was for personal use and that a question of fact exists with respect to the identity of the borrower. They point to the absence of a canceled check to the corporate defendant as payee. They also urge upon us the incredibility of the Axelrod affidavit in which plaintiff's agent says that appellant Stivers told him in early July, 1975 that he was and is President of Stivers Industrial Systems, Inc., the corporate defendant. In fact, plaintiff's attorney did not form this corporation until July 31, 1975. We recognize, as plaintiff contends, that a corporation may, by formal resolution, ratify an agreement made on its behalf prior to its existence (12 NY Jur., Corporations, §§ 677-680). But the fact that on July 18, 1975 when the corporate note was executed and the bond and mortgage were given by the individual borrowers as collateral for the note, the corporate defendant did not exist, is another factor which may properly be considered in determining the true identity of the borrower.

Here the corporate defendant executed a note as maker but

the funds failed, insofar as the record reveals, either to reach the corporate account or to be used for corporate purposes. Further, appellants claim that the parties to the loan intended it to be used by the individual guarantors to discharge personal obligations and that the funds were so used. Thus we conclude that the true identity of the borrower presents a triable issue of fact. *(Ranhand v Sinowitz,* 26 NY2d 232; *Hoffman v Nashem Motors,* 20 NY2d 513, 517, *supra),* precluding the granting of summary judgment in this mortgage foreclosure action. Once the borrower's identity is established, a determination with respect to the propriety of the interposition of the defense of usury will follow. The matter should, accordingly, be set down for a hearing (CPLR 3212, subd [c]).

The order should be reversed and plaintiff's motion for summary judgment denied.

MARSH, P. J., MOULE, DILLON and GOLDMAN, JJ., concur.

Order unanimously reversed with costs and motion denied.