■ DEWARD HOUCK, Appellant, v CHESTER MAY et al., Respondents, et al., Defendant. — In an action to recover a balance allegedly due on a series of promissory notes, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 15, 1983, as, in part, denied his motion for summary judgment. Order affirmed insofar as appealed from, without costs or disbursements. Since the loan agreements between the parties unmistakably refer to the individual defendants only, we agree with Special Term that an issue of fact exists as to the true identity of the borrower (see *Schneider v Phelps,* 41 NY2d 238; *Hoffman v Nashem Motors* 20 NY2d 513; *Am-Elm Realty v Stivers,* 55 AD2d 349; *Kaye v Keret,* 89 AD2d 885). An issue of fact having been raised, Special Term correctly denied, in part, the motion for summary judgment (see *Zuckerman v City of New York,* 49 NY2d 557). Titone, J. P., Mangano, O'Connor and Brown, JJ., concur.

■ KENSINGTON GATE OWNERS, INC., et al., Appellants, v PETER S. KALIKOW, Individually and Doing Business as CONTINENTAL TOWERS COMPANY, Respondent. — In an action to recover damages for breach of contract and fraudulent representations, plaintiffs appeal from an order of the Supreme Court, Nassau County (Morrison, J.), entered December 1, 1982, which denied their motion for class action certification. Order affirmed, without costs or disbursements. CPLR 902 provides that the plaintiff "shall move for an order" to determine whether an action is to be maintained as a class action, "[w]ithin sixty days after the time to serve a responsive pleading has expired for all persons named as defendants in an action brought as a class action". The motion for class action certification herein was not made until over four years had passed since joinder of issue. Under these circumstances, Special Term did not err in denying the motion for class action certification (*O'Hara v Del Bello,* 47 NY2d 363; *Matter of Shook v Lavine,* 49 AD2d 238; CPLR 902, subd 4). Titone, J. P., Mangano, O'Connor and Brown, JJ., concur.