Joseph Life, J.
In this action to foreclose a mortgage in which the plaintiff has moved for summary judgment and in response to which the defendants cross-moved to dismiss the complaint and to cancel the bond and mortgage and to discharge the latter of record, both motions are denied. Although the affidavits submitted leave something to be desired in the way of presentation of the facts, the court is satisfied that they do present an issue which ought to be determined only after a full trial. (Shapiro v. Weissman, 7 A D 2d 752; Broad & Wall Corp. v. O’Connor, 13 A D 2d 462.)
The individual defendants here, husband and wife, by their answers and affidavits allege that they applied for a loan. They assert that they were advised that the loan could not be made to them and that they should incorporate. Following this they did form a corporation (the third defendant) which had as its principal place of business their residence. Thereafter the corporation executed a note which was guaranteed by the individuals, who also gave a mortgage on their home to secure that guarantee. The note was for the sum of $4,500, of which sum a check for $3,000 was made to the corporation. The balance was expended, $225 for fees and disbursements to the attorneys for the lender, $25 to the attorney for the borrowers, a fee of $575 to the broker, and a bonus to the lender of $675. The defendants claim that the actual bonus was $1,250 although that was described on the closing statement as a brokerage commission and discount. They first asserted the claim of usury in March of this year saying that the entire transaction “ was a subterfuge in order to evade the provisions of the General Obligations Law ”.
The defendants are mistaken in what appears to be their opinion that the defense under subdivision 2 of section 5-521 of the General Obligations Law is available to them. The difference is that here the property was not owned by the corporation. The section was designed to prevent the practice of having lenders use a corporate device to obtain usurious rates of interest *798 through loans secured on one or two-family homes which were transferred to a corporation for that purpose. (Cf. Koppell v. McNeil, 21 Misc 2d 237; McKinney’s Cons. Laws of N. Y., General Obligations Law, § 5-521, Declaration of policy, L. 1957, ch. 968, § 1; also, p. 270, Practice Commentary by Prof. Ralph D. Semerad.)
However, while the transaction between the parties here may not come within the provisions of section 5-521, this of itself would not defeat the defense raised by the defendants. The language they employ is sufficiently broad to encompass a defense that the loan was in fact made to the individual defendants ‘‘ though in form to the corporation to hide the fact that the respondent exacted an illegal rate of interest [citing cases] ” (Shapiro v. Weissman, 7 A D 2d 752, 753, supra.) Jenkins v. Moyse (254 N. Y. 319, 324) is not to the contrary, for the court there said that in an appropriate case the corporate entity “ may be disregarded where it is used as a cloalc or cover for fraud or illegality.” In that case our Court of Appeals also said that the test which would decide whether or not the loan is usurious is, to whom the loan was made, and the circumstance that it was in form made to a corporation would not of itself be conclusive. (See, also, Usury — Defense by Corporation, 63 ALR 2d, § 14, p. 954.)
Here many of the details which might be determinative of the factual questions are suggested but not sufficiently revealed. For example, what was the purpose of the loan? Was there a business in which this corporation engaged? How were the proceeds of the loan employed? What disclosures were made by the borrowers to the lender and her agents ? Who is the plaintiff and what is her relationship to her agents and of the agents to each other? The answers to these and other inquiries would assist the trier of the facts in arriving at a decision (cf. Metz v. Taglieri, 29 Misc 2d 841.)
The motions are denied. Short-form order signed.