■ MARY W. SACHS, Appellant, v. REAL ESTATE CAPITAL CORP., Respondent.— Judgment unanimously modified, on the law, to provide that the dismissal of the complaint is without prejudice and otherwise affirmed, without costs and without disbursements. There is a question as to whether the judgment of dismissal is in effect a judgment on the merits. (See 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5013.04.) Furthermore, since this action is seemingly alleged as one seeking a declaratory judgment, the dismissal of the complaint without a declaration of the rights of the parties may import nothing more than that, because of the lack of a justiciable controversy or otherwise, the plaintiff had no standing to maintain the action, if the action is maintainable and there is no dispute as to the facts, the judgment rendered in the determination of a motion for summary judgment should declare the rights of the parties. (See *Lanza* v. *Wagner*, 11 N Y 2d 317; *Town of Harrison* v. *County of Westchester*, 13 A D 2d 708; *Law Research Serv.* v. *Honeywell, Inc.*, 31 A D 2d 900.) "The

mere dismissal of the complaint is not an affirmative declaration of the parties' rights." (*Medical World Pub. Co.* v. *Kaufman,* 29 A D 2d 859.) Here, although the plaintiff did not sustain the burden of establishing that the mortgage and mortgage note were usurious and void, it is not clear on the basis of the undisputed facts that the defendant is entitled as a matter of law to a declaratory judgment in its favor. On the record as a whole, there is at least an "arguable" issue of fact (see *Glick & Dolleck* v. *Tri-Pac Export Corp.,* 22 N Y 2d 439, 441) as to whether or not the defendant, at the time of the loan, knew that the plaintiff was in fact the owner of the premises and intended to make a loan to her as an individual, with the corporation as a mere cloak to cover the usurious transaction. (See *Shapiro* v. *Weissman,* 7 A D 2d 752; cf. *Hoffman* v. *Nashem Motors,* 20 N Y 2d 513; *Leader* v. *Dinkler Mgt. Corp.,* 20 N Y 2d 393.) Particularly, we lack affidavits from persons who could shed further light on the facts and, of course, plaintiff has not had the opportunity to cross-examine the defendant and its officers. We note that the defendant, in October, 1965, long prior to the institution of this action, had brought an action to foreclose its mortgage and that the plaintiff has interposed the defense of usury in such action. The defendant's affidavit states that such defense in the foreclosure action is identical with plaintiff's cause of action here, and that the foreclosure action is on the Equity Calendar and may be tried in the fall. Under the circumstances, the declaratory judgment action serves no useful or practical purpose. "There should be one action only to settle the rights of the parties, when all rights can be properly determined in a single action" (*Gilbert* v. *Village of Larchmont,* 280 App. Div. 1000, 1001). Thus, this action was properly dismissed. (See, also, *Storer* v. *Ripley,* 283 App. Div. 973; *Reynolds Metals Co.* v. *Speciner,* 6 A D 2d 863.) The trial of the foreclosure action will furnish an opportunity for a full exploration of the facts and it appears that such trial will not unduly prejudice the defendant and will serve the interests of justice. (See *Curry* v. *Mackenzie,* 239 N. Y. 267, 272.) Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Nunez, JJ.