■ NORTH BROADWAY FUNDING CORP., Respondent, v. GEORGE FREED, Appellant, et al., Defendants.— In an action to foreclose a mortgage on real property, defendant George Freed appeals from (1) a judgment of the Supreme Court, Queens County, made on notice to him and over his opposition, entered January 8, 1974, and which ordered that the mortgaged premises be sold in foreclosure, and (2) two purported orders of the same court, which the notice of appeal states are dated December 10, 1973 and January 24, 1974, respectively. No orders were made on these two dates, but decisions were, i.e., the first *inter alia,* denying defendants Freed leave to interpose an answer alleging usury in the transaction in which the loan in question was made and the second denying a renewed motion by defendant George Freed for such leave. An order of said court was entered February 1, 1974, which denied said renewed motion. The notice of appeal is hereby deemed amended to show that the appeal is also from the order entered February 1, 1974. Appeal from decisions dismissed. No appeal lies from a decision. Order entered February 1, 1974, reversed, judgment entered January 8, 1974 vacated as to George Freed and said defendant is granted leave to serve an answer to the complaint, setting forth the affirmative defense of usury. Such answer must be served within

20 days after service of the order to be made hereon with notice of entry. No award of costs is made upon these appeals. Defendants Freed, in order to obtain a loan, voluntarily acceded to an arrangement whereby a loan was apparently to be made to a corporation, which was formed solely to allow plaintiff to exact interest in excess of the legal limit on loans to individuals, with the Freeds individually guaranteeing repayment of the loan by giving a mortgage on their home. When both the corporation and defendants Freed defaulted on repayment, plaintiff brought this foreclosure action. Defendant George Freed claims never to have received a copy of the complaint in the action. Allegedly, a friend found a copy of the summons in the action at the steps of the Freeds' home and gave it to them. One of the Freeds'. friends advised them to file a notice of appearance *pro se* with the clerk of the court noted in the summons. A notice of appearance was so filed. When no answer to the complaint was interposed, plaintiff moved for judgment. The clerk of the court informed plaintiff's attorneys of the notice of appearance. Notice of the motion for judgment was then given to George Freed. The latter, in an affidavit, opposed the motion and sought leave to serve an answer to the complaint. Special Term granted plaintiff's. motion and denied the request by George Freed and subsequent requests by him to interpose an affirmative defense of usury to the complaint. In our opinion, in view of the fact that George Freed appeared in the action *pro se,* and in view the strong public policy against usurious transactions, the interests of justice require that he be afforded an opportunity to interpose an answer to the complaint. In general, it is settled law that a defense of usury, while of course available to an individual, is neither available to a corporation (General Obligations Law, § 5–521) nor an individual guarantor of a corporation loan (*General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87; *Salvin* v. *Myles· Realty Co.,* 227 N. Y. 51). An exception to the general rule, however, is found in subdivision 2 of section 5–521 of the General Obligations Law, which provides that a usury defense may be interposed under certain facts by a corporation whose sole asset is a one- or two-family home. The record in this case leaves much to be desired and consequently it is unclear whether the statute just cited is applicable in the instant case. If, however, George Freed alleges and can prove (as he claims he can and will) that the loan was actually made to him, and not the corporation, the affirmative defense of usury will be sustained (see *418 Trading Corp.* v. *Oconefsky,* 19 A D 2d 593, affd. 14 N Y 2d 676; see, also, *Jenkins* v. *Moyse,* 254 N. Y. 319, 324). While a heavy burden indeed rests upon the party seeking to impeach a transaction for usury (*Brown* v. *Robinson,* 224 N. Y. 301; *White* v. *Benjamin,* 138 N. Y. 623), defendant George Freed should have at least his opportunity to meet that burden in court. Gulotta, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.