■ ANDREW BUONINFANTE, Respondent, v SIDNEY HOFFMAN et al., Appellants.—In a mortgage foreclosure action, defendants appeal from two orders of the Supreme Court, Westchester County, dated December 11, 1974 and December 27, 1974, respectively, which, *inter alia*, collectively (1) granted plaintiff's motion for summary judgment, (2) dismissed the counterclaim interposed by defendants Hoffman and (3) referred the matter to a Referee to compute the amount due plaintiff. Orders reversed, with $20 costs and disbursements, and motion denied. In his complaint, plaintiff contends that he made a loan of money to the defendant corporation; that the individual defendants, who are the principals of the corporation, personally and unconditionally guaranteed payment thereof; that as collateral for such loan and guarantee the individual defendants gave him a mortgage on their jointly owned one-family home; and that the corporation (and the individual defendants) is in default under the mortgage agreement. Plaintiff demands foreclosure of the mortgage. As an affirmative defense and counterclaim, the individual defendants allege that the corporate defendant was a defunct corporation which was revived solely to be the primary debtor and that, in actuality, the loan was made to them; the proceeds thereof were used, and were to be used, to satisfy their personal obligations. They assert that the interest rate of 15% per annum charged by plaintiff, although legally proper if charged to a corporation, was usurious in that, in actuality, it was being charged to individuals; the scheme was allegedly contrived by plaintiff and done at his insistence, as a subterfuge and a ploy, in order to avoid the laws against usury. Plaintiff moved for summary judgment, contending that defendants could not raise the defense of usury. Special Term granted the motion, holding that the facts asserted by defendants appeared to it to be "shadowy, perfunctory and insubstantial, against which summary judgment is indicated." We disagree. The defense of usury is not ordinarily available to a corporation (General Obligations Law, § 5-521) or to an individual guarantor of a corporate loan *(General Phoenix Corp. v Cabot,* 300 NY 87). Generally speaking, even where a loan is made to a "dummy" corporation as a subterfuge and device for making legal what would otherwise have been a usurious loan to an individual, the individual guarantor is not permitted to avoid his obligations by asserting the defense of usury *(Leader v Dinkler Mgt. Corp.,* 20 NY2d 393; *Hoffman v Nashem Motors,* 20 NY2d 513; *Jenkins v Moyse,* 254 NY 319). However, we have held, as has the First Department, that in cases where the loan in actuality is made to the individual guarantor and where the parties to the loan intend the proceeds thereof to be used by the individual guarantor to discharge his personal obligations, rather than in furtherance of a corporate enterprise,

and are, in fact, so used, the individual guarantor may interpose the defense of usury *(Bernard Wesson, Inc. v Cullen,* 47. AD2d 718; *North Broadway Funding Corp. v Freed,* 45 AD2d 759; *Brint v Ellin Express Corp.,* 51 Misc 2d 796, affd 28 AD2d 825; *Shapiro v Weissman,* 7 AD2d 752; *Sachs v Real Estate Capital Corp.,* 31 AD2d 916). The record discloses questions of fact. If the assertions of the individual defendants are true, they possess a viable defense and counterclaim and should be given an opportunity to present their proof to the trier of the facts. Rabin, Acting P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.