■ ALVERA D. PINCUS et al., Respondents, v W. B. ASSOCIATES, INC., et al., Defendants, and AUDREY BALOG, Appellant.—In an action commenced pursuant to CPLR 3213, defendant Audrey Balog appeals from so much of an order of the Supreme Court, Nassau County, dated June 30, 1976, as (1)

granted plaintiffs' motion for summary judgment as against her and (2) directed a hearing to determine the reasonableness of the amount claimed as attorney's fees under the terms of a promissory note. Order reversed insofar as appealed from, without costs or disbursements, and motion denied insofar as it seeks summary judgment as against defendant Audrey Balog. Plaintiffs commenced this action by service of a summons and a motion for summary judgment pursuant to CPLR 3213. The notice of motion sought an order directing the entry of judgment against the corporate borrower, W. B. Associates, Inc., and the individual guarantors, Walter Balog and his wife Audrey Balog, on a promissory note in the amount of $7,000, plus 2% interest per month from September 23, 1975, the date of default in payment, as well as attorneys' fees in the amount of $1,400. Plaintiffs' supporting affidavit sets forth the circumstances under which the loan was made and alleges the execution of both the note and a loan and guarantee agreement and the failure and refusal of the defendants to make any monthly payment of interest since September 23, 1975. Accordingly, they assert that there is no defense to the action. Neither the corporation nor the other individual defendant, Walter Balog, opposed the motion. However, defendant Audrey Balog submitted an opposing affidavit in which she alleged that the loan, the note and the loan and guarantee agreement were the result of conversations which she and her husband had had with their attorney, Albert R. Pincus, who had represented them for two years, concerning their need for money with which to pay personal bills. Mr. Pincus had allegedly agreed to make a loan to the Balogs on condition that the loan appear to be made to a corporation, as a subterfuge, so as to enable him to receive a usurious rate of interest, 2% per month. Defendant Walter Balog, appellant's husband, allegedly agreed to provide such a corporation, the corporate defendant, and Mr. Pincus and his "agents", the plaintiffs, his wife and two secretaries employed in his office, knew that the loan was a personal one to appellant and her husband, to be used for personal purposes. The corporate defendant had allegedly been dissolved in 1973; its assets consisted only of $23 in a bank account and a 1969 Cadillac automobile valued at $1,000. The loan was allegedly caused by Mr. Pincus to be made ostensibly to the corporate defendant, but was in fact made by plaintiffs to appellant and her husband and was evidenced by a note executed by Mr. Balog, as president of the corporation, which was personally guaranteed by appellant and her husband. Appellant went on to aver that at the time the loan was consummated she was the owner of premises known as 7 Montrose Place, Dix Hills, New York, and that Mr. Pincus and her husband demanded that she execute and deliver a mortgage, in the amount of $7,000, as security for the repayment of the loan, and that she did so. She alleged that the loan was paid to the order of the corporation and that the proceeds of the loan were immediately withdrawn and used by her and her husband for their personal needs and purposes. Appellant noted that she had instituted an action against the plaintiffs and Albert R. Pincus, and her husband, to declare the loan usurious and void and to compel the plaintiffs to return to her the sum of $560 which she had paid as interest on the loan. Plaintiffs each submitted reply affidavits which, taken together, deny knowledge on their parts that the loan was for the personal use of the individual borrowers. They alleged they knew that the defendant corporation had, in February and November, 1974, borrowed other sums for purposes of real estate speculation with respect to the purchase and resale of specific parcels of real property, and had repaid those loans promptly, and attached as exhibits documents evidencing mortgages given by the appellant to secure those loans, the

satisfactions of those mortgages and, in the case of the first such loan, a certification that that loan was made to the corporate defendant based upon a resolution of its board of directors authorizing it to execute and deliver the corporation's promissory note for the amount of the loan. The plaintiffs' reply affidavits also alleged that they made the loan in order to enable the individual defendants to speculate in real estate and would not have made the loan if its purpose had been to enable the individual defendants to have money available for their personal needs and uses. Special Term granted summary judgment to plaintiffs against the appellant and the corporation, but not against Mr. Balog, for the reason that no proper service had been made on him. Its stated ground was that appellant had failed to furnish evidentiary support for her contentions. Appellant has submitted, with her reply brief, a certification, dated April 22, 1976, from the Secretary of State, which indicates that the corporate defendant was dissolved on December 15, 1973 pursuant to section 203-a of the Tax Law, and that such dissolution had not been annulled. We disagree with Special Term; it should not have granted summary judgment as against the appellant. While the defense of usury is not ordinarily available to a corporation (see General Obligations Law, § 5-521) or to an individual guarantor of a corporate loan *(General Phoenix Corp. v Cabot,* 300 NY 87), we have held that in cases where the loan is, in actuality, made to individual guarantors, and where the parties to the loan intend its proceeds to be used by them to discharge personal obligations, and are so used, the individual guarantors may interpose the defense of usury (see *Buoninfante v Hoffman,* 48 AD2d 678; *Bernard Wesson, Inc. v Cullen,* 47 AD2d 718; *North Broadway Funding Corp. v Freed,* 45 AD2d 759). Respondents, in their brief, concede that the nonexistence of the corporation would be important to show that the loan was a personal one, to which the defense of usury, not available to a corporation, was properly interposed. Appellant has submitted incontrovertible documentary evidence to establish that the corporation was defunct at the time the loan was ostensibly made to it. If the appellant's assertions are true, she possesses a viable defense and should be given an opportunity to present her proof to the trier of the facts (see *Buoninfante v Hoffman, supra).* Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.