■ FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v SALESMEN UNLIMITED AGENCY CORP. et al., Respondents.—In an action on a promissory note and against guarantors of that note, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated August 24, 1977, as denied its motion for summary judgment. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion for summary judgment granted. In early 1974 defendant Salesmen Unlimited Agency Corp. executed and delivered a promissory note payable to the order of the Franklin National Bank (Franklin) in the amount of $25,000. Unconditional written guarantees of the obligation were executed by defendants V. I. P. Personnel Associates, Ltd., Arthur Abrams and Joseph Schupler. Abrams and Schupler are officers of both corporate defendants. Franklin was thereafter declared insolvent by the Comptroller of the United States Currency, and the plaintiff was appointed receiver. The note and guarantees were assigned to plaintiff in its corporate capacity. Plaintiff commenced this action to recover on the note and guarantees. The defendants interposed affirmative defenses of usury and lack of consideration and plaintiff moved for summary judgment. In an affidavit in opposition to that motion, the defendants alleged that "the loan was actually made to the individual defendants, for their own individual purposes and not to the corporate defendant." In an affidavit defendant Abrams stated: "[The individual defendants] requested the Bank to lend us, individually, the sum of $25,000.00 for our personal needs. It was explained to the Bank then that we had recently purchased private homes and that we required some cash to make repairs and improvements to our homes. It was the Bank that suggested to us that corporate entities would be necessary in order to facilitate the loan, since the loan then, at the legal rate of interest, could be

charged against the corporation rather than the individuals. In summary, the Bank was completely aware of the purposes, objectives, and the nature of the loan which we required. * * * Since the corporate defendants were available for this purpose, the Bank then agreed to make the loan, using a corporation as the facade to conceal the individual transaction. We did obtain the funds, and they were used for our own individual purposes, as explained hereinabove." Special Term, in denying plaintiff's motion in part, held that there was a factual issue as to whether the loan was actually made to the corporate defendants or to the individuals. We·disagree. This case can be distinguished from those in which the corporate facade was employed to veil a usurious loan which was in fact intended for personal use. For example, in *Schneider v Phelps* (41 NY2d 238), the defendant-borrower alleged that the corporation was set up for the purpose of obtaining the loan. She also provided documentation which showed that the loan proceeds were used to pay personal debts and expenses. A fact question also arises where there is evidence that the loan to a corporation was used to purchase a one- or two-family home (see, e.g., *North Broadway Funding Corp. v Freed,* 45 AD2d 759; cf. General Obligations Law, § 5-521, subd 2), where a defunct corporation is revived for the purpose of the loan *(Buoninfante v Hoffman,* 48 AD2d 678) or where there is documentary evidence that the corporation was defunct at the time the loan was made to it *(Pincus v W. B. Assoc.,* 54 AD2d 755). Here, however, the corporate defendant Salesmen Unlimited was a viable ongoing concern which had been in existence since 1960, and had assets of approximately $109,000 at the time of the loan. The defendants have failed to supply any documentation or other evidentiary support for their allegations. Since they do not deny execution of the note, "it was incumbent on them to come forward with proof of evidentiary facts showing the existence of a genuine * * * issue" (see *Orens v Pel's Food,* 54 AD2d 691). With respect to the alleged lack of consideration, "It was essential for the defendants, in claiming absence of consideration, to state their version of the facts in evidentiary form. 'Bald conclusory assertions, even if believable, are not enough.'" *(Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). Hopkins, J. P., Martuscello, Rabin and Hawkins, JJ., concur.