■ DART ASSOCIATES, Respondent, v STE-CON CORP. et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered January 6, 1978 in Sullivan County, which granted plaintiff's motion for summary judgment for the relief demanded in the complaint. Plaintiff, a copartnership engaged in commercial financing, granted a loan of $6,500 to defendant Ste-Con Corporation (Ste-Con) evidenced by its corporate note dated September 28, 1976. The loan was repayable in three years in equal monthly installments, including the interest at 18% per annum. To induce and collaterally secure the loan, Ste-Con's sole officers and directors, Mr. and Mrs. Blum, executed their personal guarantee for the indebtedness. Further, as collateral security for her guarantee, Mrs. Blum executed and delivered to plaintiff a mortgage on realty located in Rock Hill, New York, and thereafter the officers of Ste-Con executed a resolution of its shareholders consenting to the loan. Approximately one year later, Ste-Con defaulted and plaintiff filed a notice of pendency of action with a summons and complaint in foreclosure. Subsequently, on November 8, 1977, plaintiff moved for summary judgment and the appointment of a Referee to compute the amount due. Special Term granted the motion and this appeal ensued. Subdivision 1 of section 5-521 of the General Obligations Law provides that "No corporation shall * * * interpose the defense of usury in any action." Further, an individual guarantor of a corporate obligation "stands in the shoes of his principle and can avail himself of only those defenses available to it" *(General Phoenix Corp. v Cabot,* 300 NY 87, 95; *Salvin v Myles Realty Co.,* 227 NY 51, 57-58). However, where the loan is in fact, although not in form, made to an individual guarantor and the parties intended the proceeds to be used to discharge his personal obligations, the guarantor is not precluded from interposing the defense of usury *(Am-Elm Realty v Stivers,* 55 AD2d 349; *Pincus v Balog [W. B. Assoc.],* 54 AD2d 755, app dsmd 40 NY2d 1079; *Buoninfante v Hoffman,* 48 AD2d 678; *Shapiro v Weissman,* 7 AD2d 752). The individually named defendants, the Blums, contend that they fall within this exception. We disagree. The defendant corporation, Ste-Con, was organized almost two years before the loan was made. The application for the loan recites that the proceeds will be used for business purposes. The stockholders' resolution contained a like averment. Plaintiff's check, drawn to the order of "Ste-Con Corp." for the net proceeds of the loan after deductions for closing charges, contained the legend, "For deposit only to account of payee not to be cashed." Clearly, such proof is not evidence of an intendment by the parties that the loan proceeds were to be used to discharge the Blums' personal debts so as to make the exception noted above available as a defense to plaintiff's foreclosure action. Equally clear is that because defendants' evidentiary did not present any facts in their affidavits to support their claim to the exception, they failed to raise any triable issue of fact before Special Term that should have compelled the denial of plaintiff's motion for summary relief. Defendants' reliance on *Schneider v Phelps* (41 NY2d 238) is misplaced. In *Schneider,* unlike here, the "dummy" corporation was created by the lender to serve as a paper conduit for transmission of funds to the true borrower, a 75-year-old guarantor whose only income was Social Security benefits. The purpose of incorporation was not to further any corporate purpose, but to strip from an impoverished borrower the benefits of the usury laws (p 243). Order af-

firmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.