■ THELMA SANDERS AND ASSOCIATES, INC., Appellant, v MICHAEL FRIEDMAN et al., Respondents, et al., Defendants.—In an action, inter alia, to foreclose mortgages, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Silberman, J.H.O.), dated April 3, 1987, which, after a nonjury trial, canceled the mortgage and the notes upon which they were based, ordered the surrender of those notes, and canceled all documents and collateral pertaining to those notes, based upon the defense of usury.

Ordered that the judgment is affirmed, with costs.

On appeal, the plaintiff argues that the usury defense accepted by the Judicial Hearing Officer is not available to defaulting corporate entities or to individual guarantors of a corporate debt (General Obligations Law § 5-521; General Phoenix Corp. v Cabot, 300 NY 87, 95). While it is conceded that this is the general rule, an exception is recognized where the corporate form is used to conceal a usurious loan to an individual to discharge his personal obligations, and not to further a corporate enterprise (Schneider v Phelps, 41 NY2d 238).

Here, the defendant Michael Friedman testified that he repeatedly confided the personal purposes of the various loans at issue to one of the plaintiff's attorneys, who did not testify. Initially, Friedman claimed he needed to purchase his ex-wife's interest in their marital home in order to keep the house while paying her her share of their divorce settlement. Significantly, the deed conveying Friedman's ex-wife's interest in this property and the mortgage on the same property from Friedman to the plaintiff were recorded by the Rockland County Clerk at the same moment (June 18, 1975, at 9:00 A.M.), with instructions that both deed and mortgage were thereafter to be returned to the plaintiff's attorneys. In addition, a stipulation, drafted by the plaintiff's attorneys and designed to resolve a prior foreclosure action that had led Friedman to file a petition in the United States Bankruptcy Court, made no mention of a corporate debt and was signed by Friedman, individually, acting *pro se.* This strongly suggests an understanding between the parties that the loan was a personal one, although it bore a rate of interest of 24% per annum at a time when the maximum legal rate of interest upon a loan made to an individual was 8.5% (General Obligations Law § 5-501; Banking Law § 14-a).

During the trial, the plaintiff made no objection to the interposition of the usury defense, and, in his closing arguments, counsel addressed the merits of that defense which the plaintiff now complains was not interposed in the pleadings; thus the issue of whether that defense was properly interposed is not preserved for appellate review. In any event, the plaintiff has failed to show in what way it was or could have been surprised, misled or prejudiced by the proffering of this defense at trial (CPLR 3025 [c]). Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.