■ FIRST NATIONAL BANK OF AMENIA, Appellant-Respondent, v MOUNTAIN FOOD ENTERPRISES, INC., et al., Respondents, and FRANK PAPANDREA et al., Respondents-Appellants.—Yesawich, Jr., J. Cross appeals from an order of the Supreme Court (Coutant, J.), entered March 10, 1989 in Chenango County, which denied motions by various parties for summary judgment.

Plaintiff, a national bank, loaned defendants Frank Papandrea, Maria Papandrea and Mountain Food Enterprises, Inc. (hereinafter MFE), of which Frank Papandrea is the sole shareholder, $150,000 with a total annual interest percentage rate of 17.23%. The note evidencing the loan was secured by a mortgage on three of the Papandreas' properties. The Papandreas made only two of the scheduled payments, and thereafter, on July 27, 1987, they and MFE filed for bankruptcy. On April 22, 1988, plaintiff commenced this foreclosure action; MFE and the Papandreas, in their joint answer with counterclaims, alleged, among other things, that the mortgage note was usurious. Plaintiff, claiming that the interest rate was well below the 25% legal interest rate on a mortgage loan to a corporation, then sought summary judgment. MFE and the Papandreas cross-moved for the same relief. Supreme Court denied both motions and these cross appeals ensued. While we agree with Supreme Court that a question of fact exists concerning whether the Papandreas signed the loan agreement as guarantors or coborrowers, we are of the view that plaintiff is entitled to partial summary judgment.

The maximum rate of interest is 16% per annum for an individual borrower (12 USC § 85; General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]) and 25% for a corporation (General Obligations Law § 5-521; Penal Law § 190.40). Where the interest rate charged does not violate the criminal usury statute (Penal Law § 190.40), neither a corporation nor the individual guarantor may interpose a usury defense in any action (General Obligations Law § 5-521 [1]; *Schneider v Phelps,* 41 NY2d 238, 242), unless the loan was actually made to the guarantor as an individual to discharge personal indebtedness *(see, Schneider v Phelps, supra; see also, Sanders & Assocs. v Friedman,* 137 AD2d 677).

In the case at hand, the identity of the true borrower is far from clear. The loan agreement refers to the Papandreas as "guarantors", while the note, mortgage and guarantee designate MFE and the Papandreas collectively as "borrowers". The availability of the usury defense depends, however, not on the precise legal language in the loan documents, but on whether the loan was made to repay personal obligations or to further a profit-oriented enterprise (see, Schneider v Phelps, supra, at 243-244).

Here, both sides submitted conflicting evidence to support their identification of the true borrower and the purpose of the loan; however, as Supreme Court in a comprehensive decision rightly concluded, neither party adequately sustained its position. Although the availability of the usury defense turns on resolution of a fact question, namely, the identity of the true borrower, it is not seriously disputed that plaintiff is entitled to summary judgment with respect to the outstanding principal amount of the loan, represented in the complaint as being $149,549.20. As plaintiff is a national bank, usury is only a partial defense. It does not render the loan void (see, 12 USC § 86); hence, summary judgment for the outstanding principal is appropriate.

Because the judgment of foreclosure should include a specific adjudication of the amount of plaintiff's loan principal and the interest accruing thereon, the right to which is in dispute (2 Drussel and Foran, Mortgages and Mortgage Foreclosure in New York § 36:2, ch 36, at 4 [rev ed]), and because the judgment concludes all defenses which were or might have been litigated in the action (see, Gray v Bankers Trust Co., 82 AD2d 168, 170-171, lv denied 58 NY2d 604), entry of the judgment of foreclosure should be stayed pending resolution of the usury claim (see, CPLR 2201; see also, Umansky v Seaboard Indus., 45 AD2d 1051, 1052; Franklin Natl. Bank v De Giacomo, 20 AD2d 797, 798; Casten v Tannenbaum, 42 Misc 2d 118, 119).

Lastly, we note that Supreme Court denied plaintiff's request to have a receiver appointed. As plaintiff has not pursued this point in its brief, we deem it abandoned (Lamphear v State of New York, 91 AD2d 791). The parties' remaining contentions do not merit discussion.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion in its entirety; said motion granted to the extent of directing partial summary judgment in favor of plaintiff against defendants Frank Pa-

pandrea, Maria Papandrea and Mountain Food Enterprises, Inc., in the amount of $149,549.20, without prejudice to an adjustment of the sum upon the determination of said defendants' usury counterclaim, and it is directed that entry of the judgment be held in abeyance pending that determination; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.