■ PINCUS WOLFSON et al., Appellants, v KASA LITHUANIAN FEDERAL CREDIT UNION, Respondent. (And Another Action.)— Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered July 6, 1989, dismissing the complaint and granting judgment in favor of defendant against plaintiffs in the sum of $49,874.23, unanimously affirmed, with costs.

Plaintiffs commenced this action, claiming that the moneys held by defendant's attorney in escrow, in connection with a loan, had never accrued to plaintiffs' benefit, and that by demanding repayment of the entire principal and interest, the loan was usurious and void. At a bench trial, conflicting testimony was received with respect to payment of the proceeds. Defendant's attorney testified that $250,000 was disbursed from the escrow for the benefit of the equitable borrower to satisfy mortgages and allow him to clear title to an oil terminal and convey it to a third party as well as to release one of the mortgaged condominium units from a prior lien and provide defendant with a second lien thereon. The court found that the moneys had been disbursed, dismissed the complaint and granted defendant judgment for counsel fees pursuant to the mortgages.

In reviewing the decision of the court in a bench trial, this court must weigh the relative probative force of conflicting testimony and the conflicting inferences drawn therefrom and may render whatever judgment it finds warranted by the facts. *(Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492.) Here, the court's decision that plaintiffs failed to sustain their burden of proof that the loans were usurious is based upon a fair interpretation of the evidence, and the factual findings based upon the credibility of the witnesses should not be disturbed. Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.