(December 23, 1991)

■ APRIL M's ENTERPRISES, INC., et al., Respondents, v SHARI SCOTT, Appellant.—In an action to foreclose a mortgage, the defendant appeals, (1) as limited by her notice of appeal and brief, from stated portions of an order of the Supreme Court, Suffolk County (Luciano, J.), dated March 23, 1990, which, *inter alia,* denied those branches of her motion which were for leave to enter a default judgment on her counterclaim for a judgment declaring the mortgage invalid, and for summary judgment on her affirmative defenses, dismissed her counterclaim for a declaratory judgment, and granted the plaintiffs' cross motion to strike her jury demand, and (2) from an order of the same court, also dated March 23, 1990, which, *inter alia,* denied her application for judicial supervision of discovery.

Ordered that the appeal from the order dated March 23, 1990, which, *inter alia,* denied the defendant's application for judicial supervision of discovery is dismissed, as abandoned; and it is further,

Ordered that the order dated March 23, 1990, which, *inter alia,* denied the defendant leave to enter a default judgment, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The Supreme Court properly dismissed the defendant's counterclaim for a declaratory judgment. Since the defendant has raised as affirmative defenses, fraud, usury, and violations of the Truth in Lending Act *(see,* 15 USC § 1635), the defen-

dant's counterclaim for a declaratory judgment was properly dismissed, as it requested the same relief as the affirmative defenses (see, Sachs v Real Estate Capital Corp., 31 AD2d 916).

The defendant also argues that she is entitled to summary judgment on her affirmative defenses of usury and violations of the Truth in Lending Act. However, there are many issues of fact which preclude the summary resolution of these issues (see, Hammelburger v Foursome Inn Corp., 54 NY2d 580; Eby v Reb Realty, 495 F2d 646).

The plaintiffs' cross motion to strike the defendant's jury demand was properly granted. A party is not entitled to a jury trial as a matter of right in an action to foreclose a mortgage, even if the complaint includes a request for money or a deficiency judgment (see, Jamaica Sav. Bank v M.S. Investing Co., 274 NY 215), as such relief is considered incidental to mortgage foreclosure (see, Jamaica Sav. Bank v M.S. Investing Co., supra; 7A Carmody-Wait 2d, NY Prac § 49:32). The defendant's assertion of the defenses of fraud and usury does not entitle her to a jury trial (see, 7A Carmody-Wait 2d, NY Prac § 49:32). Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.