■ K.P. ASSOCIATES, Respondent, v MICHAEL D'AGOSTINO et al., Appellants, et al., Defendants. [607 NYS2d 723] —In an action, *inter alia,* to foreclose two mortgages, the defendants Michael D'Agostino, Nicholas D'Agostino, Vivian D'Agostino, M.J.S. D'Agostino & Co., Inc., and Steven D'Agostino appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), entered November 14, 1991, which granted the plaintiff's motion for summary judgment against them.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion is denied.

On July 17, 1986, the defendant M.J.S. D'Agostino & Co., Inc., a corporation, took a $50,000 loan from the plaintiff at 20% interest. The loan was guaranteed by the appellants Nicholas D'Agostino and Michael D'Agostino, and secured by a mortgage on the home of Michael D'Agostino. The loan proceeds were distributed as follows: $755 to Ticor Title Guarantee, $850 to Harrison & Rothbard, the plaintiff's attorneys at that time, $2,500 to A. Jack Schiffman, who brought the parties together, and $45,895 to Ivan S. Fisher. No funds ever reached the corporation, and the record contains a Mortgage Proceeds Checklist showing that the corporation was crossed off the list of recipients and Ivan S. Fisher was added to the list. On April 26, 1988, Nicholas D'Agostino and Vivian D'Agostino executed a mortgage on their home as further security for the loan. Subsequently, upon default of the loan, the plaintiff brought this action, *inter alia,* to foreclose the two mortgages. The appellants interposed a defense of usury. The appellants contended that prior to July 17, 1986, Nicholas D'Agostino had been indicted on Federal charges and the family had required $50,000 to retain Mr. Fisher, a criminal defense attorney. The appellants also contended that the plaintiff knew at the time of closing that the purpose of the

loan was to discharge the obligations of an individual guarantor. The plaintiff moved for summary judgment against the appellants and the Supreme Court granted the motion. We reverse.

The statutory defense of usury *(see,* General Obligations Law § 5-521) is generally not available where funds are lent to a viable corporation *(see, e.g., Federal Deposit Ins. Co. v Salesmen Unlimited Agency Corp.,* 61 AD2d 1023). However, "the availability of the defense of usury turns on the resolution of the ultimate question of fact—was the corporate form used to conceal a usurious loan to an individual guarantor?" *(Schneider v Phelps,* 41 NY2d 238, 241-242.) We find that the evidence that none of the loan proceeds reached the corporation *(see, Am-Elm Realty v Stivers,* 55 AD2d 349) and that Fisher was substituted for the corporation as a recipient of the bulk of the loan proceeds, is sufficient to raise a triable issue of fact as to whether the parties to the loan intended that the proceeds be used to discharge personal obligations of an individual guarantor *(see, Schneider v Phelps, supra; Pincus v W.B. Assocs.,* 54 AD2d 755). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.