WEBAR, INC., Appellant, v ALLEGRA CAPRA, Defendant, and THOMAS MAHONEY et al., Respondents. [622 NYS2d 585] —In an action to foreclose a mortgage, the plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Newmark, J.), entered April 19, 1993, which, is in favor of the defendants and against it dismissing the complaint, and (2) from so much of an order of the same court, dated December 23, 1993, as, upon reargument, adhered to its prior determination, made in a decision dated January 29, 1993, and embodied in the judgment entered April 19, 1993, granting the cross motion of the defendants Thomas and Irene Mahoney for leave to amend their answer and for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as that judgment was superseded by the order dated December 23, 1993, made upon reargument; and it is further,

Ordered that the order dated December 23, 1993, is reversed insofar as appealed from, the judgment is vacated, the plaintiff's motion, *inter alia,* for summary judgment and to strike the answer of the defendants Thomas and Irene Mahoney is denied, the branch of the cross motion of the defendants Thomas and Irene Mahoney which was for summary judgment dismissing the complaint insofar as it is asserted against them is denied, the branch of their motion which was for leave to amend their answer is granted, and the amended answer in the form attached to the papers in support of their cross motion is deemed served; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On November 5, 1989 the defendant Allegra Capra and the defendant, Thomas Mahoney, purchased a vacant lot in

Westhampton Beach, upon which they proceeded to erect a one-family home. As a result of alleged costs overruns during the building process, Capra and Mahoney sought to acquire additional funds to complete the construction.

On November 6, 1990, the plaintiff, Webar, Inc. (hereinafter Webar), loaned $100,000 to defendant, North-Site Realty Corp. (hereinafter North-Site). The principal and sole shareholder of North-Site is the defendant Capra. In return for the loan, North-Site Realty executed a bond payable to Webar. In addition, Capra, Thomas Mahoney, and the defendant Irene Mahoney executed a mortgage on the Westhampton property to Webar as further security for the loan. Both the note and the mortgage recited an interest rate of 18% per annum.

Upon the default of the defendants Thomas and Irene Mahoney and Allegra Capra, Webar commenced an action to foreclose the mortgage and in the course of that action moved for summary judgment. The Mahoneys cross-moved for leave to amend their answer to interpose the defense of usury as well as for summary judgment dismissing the complaint. The Supreme Court, in a decision dated January 29, 1993, determined that the cross motion should be granted in its entirety.

Although, upon the facts of this case, we agree that leave to amend the answer so as to interpose the defense of usury was properly granted, there remain triable issues of fact with respect to that defense and, thus, the complaint should not have been dismissed.

Pursuant to General Obligations Law § 5-501 a loan shall be deemed usurious if it exceeds an interest rate of 16% per annum. However, it is well-settled that where a loan is made to a corporation, the corporation, by statute, is prohibited from asserting the defense of usury (see, General Obligations Law § 5-521; *Schneider v Phelps,* 41 NY2d 238). In addition, the individual guarantors of a corporate obligation are also precluded from asserting such a defense (see, *General Phoenix Corp. v Cabot,* 300 NY 87, 95). Nevertheless, "an exception [to the general rule] is recognized where the corporate form is used to conceal a usurious loan to an individual to discharge his personal obligations, and not to further a corporate enterprise" (*Sanders & Assocs. v Friedman,* 137 AD2d 677).

In the case at bar the plaintiff argues that the loan made to North-Site was a loan made to a corporation to further the corporate enterprise of building a house on speculation, i.e., one not to be used as a dwelling by the owners but to be sold for profit to a subsequent owner. The respondents counter that

the Westhampton house was to be used as their personal dwelling and the loan was in fact, although not in form, made to them individually so that they could discharge the personal obligations they incurred in the construction of this dwelling.

Summary judgment "should not be granted where triable issues of fact are raised that cannot be resolved on conflicting affidavits" (Epstein v Scally, 99 AD2d 713, 714). Upon the record before us we cannot determine the understanding of the parties regarding the purpose of the loan and the uses to which the proceeds were to be put (to-wit, whether to pay the Mahoneys' personal obligations or to finance a profit motivated corporate enterprise). Nor can the expected source of funds for repayment of the indebtedness be readily established, that is whether such repayment was to come from the anticipated profits upon resale of the house, or from a conventional mortgage obtained by the Mahoneys upon completion of the dwelling. "Since the availability of the defense of usury will be dependent on [a resolution of these] factual issues * * * the [respondents were properly] permitted to serve an amended answer alleging that defense" (Schneider v Phelps, supra, at 244). However because "[a] proper disposition of the case can be made only after opportunity has been afforded both parties at trial to develop proof relevant to the critical factual issue as to the identity of the real borrower[, s]ummary judgment should have been denied in view of unresolved factual disputes central to the nature of the loan" (Schneider v Phelps, supra, at 244; see also, Pincus v W.B. Assocs., 54 AD2d 755). Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.