■ FAYIZ HILAL, Appellant, v FRIEDA I. LIPTON, Respondent, et al., Defendants. (And a Third-Party Action.) [642 NYS2d 78] —In an action, *inter alia,* to nullify a note and mortgage on the ground of usury, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered March 10, 1995, as (1) granted the branches of the defendants' motion which were (a) for summary judgment

dismissing the complaint insofar as asserted against the defendant Frieda I. Lipton, and (b) to direct payment to Frieda I. Lipton of certain funds deposited with the court, and (2) denied the branch of his cross motion which was for summary judgment against Frieda I. Lipton.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Frieda I. Lipton and to direct payment to Frieda I. Lipton of certain funds deposited with the court are denied, the branch of the plaintiff's cross motion which was for summary judgment against the defendant Frieda I. Lipton is granted, and the note and mortgage are deemed null and void in their entirety.

In support of his cross motion for summary judgment, the plaintiff established that his property was subject to a mortgage held by the defendants Miriam Niesen and Frieda I. Lipton. The mortgage secured a note of $75,000, which, by its terms, was subject to an annual interest rate of 16%. The plaintiff additionally established that he was required to pay a $10,000 origination fee to the defendant First Realty, which was solely owned and operated by Seymour Niesen, the husband of the defendant Miriam Niesen. In the order appealed from, the Supreme Court held that the portion of the loan made by the defendant Miriam Niesen, i.e., $15,000, was usurious because in addition to the stated 16% interest she received, she also had an interest in the $10,000 fee collected by First Realty, because her husband owned the company. Therefore, the court held that Ms. Niesen's portion of the note and mortgage was null and void. However, with regard to Frieda I. Lipton, the court held that since there was no evidence that she benefitted from the origination fee, she only received the legal interest rate of 16% per year. Accordingly, the court declared the note and mortgage in full force and effect with regard to Frieda I. Lipton.

The Supreme Court erred. Once the court concluded that a portion of the note violated the usury laws, the court should have held the entire note to be void, enjoined any prosecution thereon, and directed that the note be surrendered and cancelled (see, General Obligations Law § 5-511 [2]). Accordingly, the Supreme Court should have denied the branch of the defendant's motion which was, inter alia, to dismiss the complaint insofar as asserted against Frieda I. Lipton and should have granted the branch of the plaintiff's cross motion which was for summary judgment as against Frieda I. Lipton. Sullivan, J. P., Copertino, Santucci and Goldstein, JJ., concur.