■ STANLEY WEISZ, P. C. RETIREMENT PLAN, Appellant, v NCHD ASSOCIATES, INC., et al., Respondents. [655 NYS2d 381] —In an action to foreclose a mortgage, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Henry, J.), entered November 16, 1995, which, after a hearing, is in favor of the defendants and against it, declaring the mortgage null and void and dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to General Obligations Law § 5-501, a loan shall be deemed usurious if it exceeds an interest rate of 16% per annum (see, Banking Law § 14-a). It is well settled, however, that where a loan is made to a corporation, the corporation and the individual guarantors of a corporate obligation are prohibited by statute from interposing the defense of usury (see, General Obligations Law § 5-521; *Schneider v Phelps*, 41 NY2d 238; *Webar, Inc. v Capra*, 212 AD2d 594). An exception to the general rule is recognized, however, " 'where the corporate form is used to conceal a usurious loan to an individual to discharge his personal obligations, and not to further a corporate enterprise' " (*Webar, Inc. v Capra, supra*, at 595, quoting *Sanders & Assocs. v Friedman*, 137 AD2d 677).

Contrary to the plaintiff's contention, the Supreme Court correctly found that the loan issued to the corporate defendant at an interest rate of 24% was, with the plaintiff's knowledge, in actuality a loan to an officer of the corporate defendant being used to discharge his personal obligations, and therefore, usurious (see, *Freitas v Geddes Sav. & Loan Assn.*, 63 NY2d 254; *K.P. Assocs. v D'Agostino*, 201 AD2d 537; *Sanders & Assocs. v Friedman, supra*). Inasmuch as the court's determination was "based upon a fair interpretation of the evidence, and the factual findings based upon the credibility of the witnesses", it will not now be disturbed (*Wolfson v Kasa Lithuanian Fed. Credit Union*, 168 AD2d 364; see also, *Fried v Bolanos*, 217 AD2d 823). Accordingly, the court properly declared the mortgage securing the loan null and void and dismissed the complaint (see, General Obligations Law § 5-511 [2]; *Hilal v Lipton*, 227 AD2d 378).

The plaintiff's remaining contention is academic. Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.