■ ROBERT B. ESSEX, Respondent, v GARY P. NEWMAN et al., Appellants, et al., Defendants. [655 NYS2d 595] —In an action to foreclose a mortgage, the defendants Gary P. Newman, Terise M. Newman, and Garet Square Associates, Inc., appeal from (1) an interlocutory judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered January 24, 1996, which, after a nonjury trial, appointed a Referee to compute the amount due to the plaintiff, and (2) a judgment of the same court entered April 24, 1996, which, *inter alia,* is in favor of the plaintiff and against them, directing the sale of the subject premises.

Ordered that the appeal from the interlocutory judgment entered January 24, 1996, is dismissed; and it is further,

Ordered that the judgment entered April 24, 1996, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of final judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In a contract executed on May 6, 1994, the plaintiff agreed to loan the appellant corporation Garet Square Associates, Inc. (hereinafter GSA) $140,000 at 18% interest for the purpose of completing construction on a house owned by the sole shareholder of GSA, the appellant Gary P. Newman. In addition, the plaintiff took back a mortgage on the subject property. When the plaintiff failed to receive his monthly payments, he instituted this foreclosure action. Following a nonjury trial, the court granted the plaintiff a judgment of foreclosure.

The appellants challenge the trial court's determination that the defense of usury was unavailable to the corporation. While corporations generally cannot avail themselves of the protection of the usury statutes *(see,* General Obligations Law § 5-521; *Schneider v Phelps,* 41 NY2d 238), an exception exists "where the *corporate form* is used to conceal a usurious loan to an individual to discharge his personal obligations" *(Sanders & Assocs. v Friedman,* 137 AD2d 677). During the trial, conflicting evidence was presented regarding the nature and intended

purpose of the loan. The plaintiff testified that Newman led him to believe that the loan was sought in order to complete construction of the house which was to be sold to third parties. This position was supported by several pertinent facts. For example, Newman was engaged in building and developing property for more than 20 years. The certificate of incorporation for GSA indicated that it was incorporated more than a year prior to execution of the loan agreement, suggesting that the corporation was not formed expressly to obtain the loan. Further, the appellants offered testimony that GSA was formed for the purpose of developing land. In addition, while it was established that the house was not sold to a third party, evidence was presented that prior to execution of the loan agreement, Newman, or another corporation controlled by him, was in the process of building two houses on the subject premises.

Accordingly, it cannot be said that the trial court erred in determining that the purpose of the loan was to further the corporate objectives of GSA, notwithstanding the contradictory evidence presented by the defendants *(see, Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830; *cf., Sanders & Assocs. v Friedman, supra).*

The appellants' remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.