■ CARL SIMONI, Appellant, v TIME-LINE, LTD., et al., Respondents. [708 NYS2d 142] —In an action to recover payment

on six promissory notes, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered January 14, 1999, which denied his motion.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in the principal sum of $60,270.33, plus interest, and for a hearing with respect to the amount of attorneys' fees to be awarded.

The plaintiff seeks payment on six promissory notes in the total principal sum of $60,270.33, plus interest and attorneys' fees. In support of his motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff made a prima facie showing that he was entitled to judgment as a matter of law by proving the execution of the six notes and the defendants' failure to make payments thereon (*see, J.L.B. Equities v Mind Over Money,* 261 AD2d 510; *Elmsford-Interstate Bldg. Material Corp. v Elm Ridge Mgt.,* 243 AD2d 675). Thus, the burden shifted to the defendants to establish, by admissible evidence, the existence of a triable issue of fact in order to avoid enforcement of the notes (*see, J.L.B. Equities v Mind Over Money, supra; Bennell Hanover Assocs. v Neilson,* 215 AD2d 710, 711).

The affidavit of the defendant Al Anish, submitted in opposition to the plaintiff's motion, which did not deny the validity of the subject notes or the defendants' default, and which contained a conclusory assertion that partial payments had been made toward the outstanding debts, was insufficient to defeat the plaintiff's motion (*see, Elmsford-Interstate Bldg. Material Corp. v Elm Ridge Mgt., supra; Naugatuck Sav. Bank v Gross,* 214 AD2d 549). Moreover, in reply to Anish's conclusory assertion regarding partial payment, the plaintiff established that these payments had been made on a pre-existing debt which predated and was wholly unrelated to the six notes which are the subject of the instant action.

There is no merit to the defendants' claim that the first of the six promissory notes was usurious. Except for a limited exception not applicable in the instant case, the defense of usury is not available to a corporate defendant (*see,* General Obligations Law § 5-521; *Schneider v Phelps,* 41 NY2d 238, 242; *Essex v Newman,* 237 AD2d 486; *Stanley Weisz, P. C. Retirement Plan v NCHD Assocs.,* 237 AD2d 276), and is not available to an individual guarantor of the corporate obligation (*see, Schneider v Phelps, supra*).

Although the plaintiff is entitled to summary judgment for

the total principal sum of the six promissory notes, the amount of attorneys' fees due thereunder is not a sum certain. Therefore, the matter must be remitted to the Supreme Court, Suffolk County, for a hearing on that issue (*see, Borg v Belair Ridge Dev. Corp.,* 270 AD2d 377; *Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.,* 187 AD2d 634). Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.