542 A Realty, LLC v A. Davis, LLC (2020 NY Slip Op 07330)





542 A Realty, LLC v A. Davis, LLC


2020 NY Slip Op 07330


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2018-03872
 (Index No. 24973/08)

[*1]542 A Realty, LLC, appellant, 
v
A. Davis, LLC, et al., defendants, Althea Davis, respondent; Uzi Ovadia, et al., counterclaim defendants.


Siegel & Reiner, LLP, New York, NY (Richard H. Del Valle and Carl Bernstein of counsel), for appellant and counterclaim defendant Uzi Ovadia.
Althea T. Davis, sued herein as Althea Davis, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated January 2, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Althea Davis which was to confirm a report of a Referee (Richard N. Allman, Ct. Atty. Ref.) dated September 21, 2015, made after a hearing, and denied the plaintiff's cross motion, made jointly with the counterclaim defendant Uzi Ovadia, to reject the Referee's report.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to foreclose a mortgage executed by the defendant A. Davis, LLC, a New York limited liability company, and guaranteed by the defendant Althea Davis (hereinafter together the defendants). In their amended answer, the defendants asserted an affirmative defense of civil usury. The Supreme Court referred the matter to a Referee to hear and report. After a hearing, the Referee issued a report finding, inter alia, that "the loan sued upon is a usurious loan and thus unenforceable." Thereafter, Davis moved, inter alia, pursuant to CPLR 4403 to confirm the Referee's report, and the plaintiff and a counterclaim defendant cross-moved to reject the Referee's report. The court granted that branch of the motion and denied the cross motion. The plaintiff appeals.
"Generally, a referee's report should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Minelli Constr. Co., Inc. v New York City Sch. Constr. Auth., 167 AD3d 593, 593-594 [internal quotation marks omitted]; see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643). "A referee's credibility determinations are entitled to great weight because, as the trier of fact, he or she has the opportunity to see and hear the witnesses and to observe their demeanor" (Matter of Piller v Schwimmer, 135 AD3d 766, 769 [internal quotation marks omitted]; see Minelli Constr. Co., Inc. v New York City Sch. Constr. Auth., 167 AD3d at 594).
Here, contrary to the plaintiff's contention, the record substantially supports the Referee's determination that the affirmative defense of civil usury was available to the defendants [*2]in this action, despite the fact that the loan was made to a limited liability corporation (see Limited Liability Company Law § 1104[b]; see also Schneider v Phelps, 41 NY2d 238, 242-244; Stanley Weisz, P.C. Retirement Plan v NCHD Assoc., 237 AD2d 276, 277). The record reflects that A. Davis, LLC, was created eight days prior to the execution of the subject note and mortgage, that its sole asset is the mortgaged premises, and that the premises is a two-family dwelling (see Limited Liability Company Law § 1104[b]). Moreover, the Referee's factual finding that the loan was taken for personal reasons and not to finance a profit-motivated enterprise is substantially supported by the evidence in the record (see Schneider v Phelps, 41 NY2d at 243-244; Stanley Weisz, P.C. Retirement Plan v NCHD Assoc., 237 AD2d at 277; cf. Webar, Inc. v Capra, 212 AD2d 594, 595-596).
Accordingly, we agree with the Supreme Court's determination to grant that branch of Davis's motion which was to confirm the Referee's report and to deny the cross motion to reject the Referee's report.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court